Robert A. SCHULZ and Helen G. Schulz, Respondents,

v.

Oscar COLEMAN, Appellant.

No. 56060.

Supreme Court of Missouri, Division No. 1.

Dec. 13, 1971.

Cohn & Long, Arthur B. Cohn, Waynesville, for respondents.

J. W. Grossenheider, Lebanon, for appellant.

HIGGINS, Commissioner.

Action by plaintiffs to set aside warranty deed purporting to convey certain real estate to defendant, and counterclaim by defendant to quiet title in him to said real

estate. The court found that the deed in question was obtained by defendant by fraud and was without consideration, set aside the deed, and dismissed defendant's counterclaim.

■ Appellant contends the court erred "because plaintiffs' pleading and evidence presented no facts permitting a cancellation of defendant's deed, executed and delivered to defendant by plaintiffs' admission under consideration of a promise by defendant to do future acts which were not fully done; so that if plaintiffs' evidence were all unimpeached, they would have a remedy, if any, only for breach of contract."

Appellant's argument has three premises: That a voluntary conveyance of land without consideration is valid between the parties, Spaeth v. Larkin, Mo., 325 S.W.2d 767, 771[3], Binnion v. Clark, 359 Mo. 202, 221 S.W.2d 214, 217[3]; that failure to perform an agreement as promised is not a ground for cancellation of a deed in absence of fraud, Radford v. Radford, Mo., 388 S.W.2d 33, 39[6–12], Bevins v. Harris, Mo., 380 S.W.2d 345, 350[4, 5], Shelton v. M & A Elec. Power Co-op, Mo.App., 451 S.W.2d 375, 379–380[5, 6], Alward v. Boatright, Mo., 193 S.W. 568, 570, Anderson v. Gaines, 136 Mo. 664, 57 S.W. 726, 727; that there was no provision for forfeiture, re-entry or reverter for failure to perform and consequently the court was without authority to set aside the deed, and the remedy would be for breach of contract, Radford v. Radford, Bevins v. Harris, Anderson v. Gaines, Alward v. Boatright, supra.

Appellant would bring himself under these premises by the further argument that fraud, which would distinguish his authorities, "was neither pleaded nor proved here."

Respondents' position is that the pleadings and evidence were sufficient for the court to find the deed was obtained by fraud and was without consideration. Their premise is that where a person has been induced to part with his property for little or no consideration, or where the consideration fails, equity will seize upon the slightest circumstance of fraud or of an inequitable nature "for the purpose of administering justice in the particular case." 13 Am.Jur.2d, Cancellation of Instruments, §§ 21, 22, pp. 515, 516.

Respondents argue that they have shown a "mixture" of lack of and failure of consideration coupled with fraud, and that review of the case as required by Civil Rule 73.01(d), V.A.M.R. will show the judgment not "clearly erroneous."

There can be no question of sufficiency of plaintiffs' pleading. They alleged they were husband and wife and owners of the real estate in question; that on April 25, 1961, they executed a warranty deed conveying the real estate to defendant; that prior to execution of the deed, defendant promised to construct and build, at his expense, a commercial trailer park on the land; that defendant promised to reconvey the land upon completion of the trailer park after which plaintiffs and defendant would be partners in operation of the trailer park; that the deed was executed by plaintiffs upon such consideration but defendant failed and refused to perform; that the deed was thus fraudulently obtained, without consideration, and as a result of defendant's promises.

On this review, the facts are found as follows:

At trial time plaintiffs were living on Highway 28, Waynesville, Missouri, in a house defendant built for Mrs. Schulz on land other than that in question, "around October of '58." Mrs. Schulz had divorced Robert in September, 1958, and they remarried January 29, 1960. Mrs. Schulz became acquainted with defendant "about the last of September of '58. * * * Charlie Lane contacted him to build the house and I went with him." Defendant began construction of the house in October and Mrs. Schulz moved into the house in March, 1959. The house was not then finished. "He didn't put the siding on the house. I

had the aluminum siding put on. He did not finish the eaves of the house. He didn't finish the floors and he didn't paint the house. * * * There was only four doors on the inside of the house. * * * he just put shelves, no cabinets." She arranged for and paid for completion of all such omissions, put in the heating and sewer and septic tank systems, had Everett Hill do some work, paid Mr. Coleman for all labor and materials which he furnished or paid for, and paid materials bills which he had left unpaid. After Mr. Coleman left the job he never submitted any accounts due and owing him for labor or materials furnished in construction of her house.

The first conversation between Mrs. Schulz and Mr. Coleman with respect to the land in question occurred "about the last of '59," after her house was finished. "He talked about a trailer court on this property in question and what did I think about it. And we talked about this several times. * * * He told me if I would put the land in his name it would still be my land, I could trust him. * * * He would furnish the material and labor * * * To make a trailer court, then he would convey it back to me and it would be a fifty-fifty deal on the business and my husband was included." There were to be "possibly forty" trailer spaces on the land. She conveyed the land, approximately three and one-half acres with one trailer home, a well, and a pump, to Mr. Coleman on the assumption he would perform his bargain. No money was paid for the deed; the reason she executed it was the agreement to construct the trailer court. She talked with Mr. Coleman about his failure to perform "many, many times." One such conversation took place September 21, 1966, at the Shepherd of the Hills in Lebanon, Missouri, with Alpha Morris present. "I asked him if he wouldn't come on and do something about my property, and he said, 'Well, it is your property and you know it is yours, and you can have it anytime you want it.'" He said he would reconvey the property if she would get the "papers." On that occasion defendant signed a memorandum in his own handwriting: "To whom this may concern Helen Schulz does not owe me any money. She is paid up in full on all labor and materials." Mrs. Schulz returned to Waynesville and had a deed prepared for purposes of the promised reconveyance. The deed was dated September 25, 1966, and on that date she returned to Lebanon to see Mr. Coleman. "We rode around and parked a while talking about it, and he told me he would go to the notary public and we stopped on the Main Street in Lebanon, Missouri, and he got out of my car and ran * * * and he did not sign it."

Mr. Coleman built only two trailer spaces and Mr. Schulz helped build them. They had been rented and Mrs. Schulz received the rent.

Mrs. Schulz valued the land conveyed to defendant at "twelve or thirteen thousand" dollars.

Alpha Morris corroborated Mrs. Schulz in her understanding that defendant had assured her she could trust him and that the land in question would always be her land. In particular, she corroborated the confrontation between Mrs. Schulz and defendant in Lebanon. "He said, 'I don't have time to be bothered.' And she said, 'Well, if you are not going to make this into a trailer court, will you give the land back to me?' And he said, 'Yes, I will give it back to you any day that you want it back.' * * * He always called it her land."

Mrs. Lennie Thixton also heard defendant agree to reconvey the land to Mrs. Schulz.

Everett Hill corroborated Mrs. Schulz with respect to the things necessary to completion of her house after Mr. Coleman left; and L. E. Mitchell, a building contractor, corroborated Mrs. Schulz with respect to her valuation of the house built on her land and in relation to the amounts she spent paying bills for labor and materials.

Defendant admitted the deed for purposes of his counterclaim to quiet title; and took the further position by his testimony that the conveyance of the land in question was made to him in payment of sums due him for construction of a house for Mrs. Schulz on other land not in question. He paid the taxes on the conveyed land during the time he held the deed; and he believed that plaintiffs became interested in reconveyance only after he had contracted to sell the land for $15,000.

Upon the stated facts, the court properly rejected defendant's claim that the conveyance was made for an alleged balance due him for construction of a house on other property. Accordingly, the court properly found a lack of or failure of consideration. 13 Am.Jur.2d, supra.

Also, the court properly found from defendant's denial of an agreement to construct a trailer court and his other conduct that he never intended to construct a trailer court, and his promise and failure properly could be found to amount to fraud. The fraud in such circumstances is similar to that where deeds are set aside when grantees promise to care for grantors but refuse to perform and have no intention of doing so. See, e. g., Wagner v. Hicken, Mo., 232 S.W.2d 531; Windhorst v. Lambert, Mo., 425 S.W.2d 133. In such cases the relief is granted not on the ground of the inadequacy of consideration alone, but on grounds of fraud of which the failure of consideration is evidence. Binnion v. Clark, supra; Frey v. Onstott, 357 Mo. 721, 210 S.W.2d 87, 93.

Accordingly, it may not be said that the court's findings are clearly erroneous.

■ Appellant complains also that parol evidence received on the agreement to reconvey was inadmissible on account of the statute of frauds; however, the action was not one to enforce such an oral agreement, but rather one to set aside a deed on account of fraud, in which case the statute

of frauds does not apply. Morris v. Hanssen, 336 Mo. 169, 78 S.W.2d 87.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.