**William E. CAVE, Plaintiff-Appellant,**

v.

**William E. CAVE, Jr.,**
**Defendant-Respondent.**

No. KCD30644.

Missouri Court of Appeals,
Western District.

Dec. 31, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 4, 1980.

Application to Transfer Denied
March 11, 1980.

James H. McLarney, Charles C. Kirley, Kansas City, for plaintiff-appellant.

Michael V. Conger, Todd A. Nielsen, Kansas City, for defendant-respondent.

Before WASSERSTROM, C. J., WELBORN and MASON, Special Judges.

DONALD L. MASON, Special Judge.

The trial court entered judgment for defendant at the close of plaintiff's evidence in this court tried cause of action to set aside a warranty deed or in the alternative to impose a constructive trust. Keeping within the parameters of appellate review, as hereafter noted, we affirm. We will refer to the parties in the roles they occupied in the court below.

Plaintiff had four children, the defendant being the oldest son, with an older daughter and two younger sons. In his early adult life plaintiff had full time employment as a butcher, meat cutter with national grocery chains. Recognizing that this occupation was not allowing him to accumulate financial assets, plaintiff ceased this employment shortly after World War II. He directed his attention and efforts to purchasing, trading, developing, renovating and selling real property, which he did on a full-time basis commencing in 1950. He would also collect coins and antiques and trade on the stock market, apparently in a limited fashion. He was at least moderately successful in these endeavors. At various times he offered financial assistance to his children. To exemplify, he gave his daughter $10,000, part of which she invested in the stock market, and he offered her advice on her investments. A son was the beneficiary of a $5,000 gift that permitted him to become self-employed as a contractor and real estate developer. Another son was able to accumulate the down payment on his home due to the beneficence of his father. The defendant was also the recipient of fatherly gifts other than those hereafter detailed.

In the spring of 1975 plaintiff was the owner of two separate tracts of real estate located in Clay County. Being of the opinion that his oldest son, the defendant, was not achieving to his abilities as an accountant at Ford Motor Company, plaintiff gave defendant 1,200 shares of stock. He also discussed putting defendant's name on some real estate, without identifying the real estate which he was discussing. Plaintiff told defendant he would do so if defendant would "cooperate," to which defendant replied in the affirmative. Plaintiff did not elucidate the "specifications" of cooperation. Defendant also received plaintiff's coin collection which was later returned upon plaintiff's insistence.

On August 1, 1975, plaintiff signed a warranty deed conveying the two tracts of real estate to defendant, reserving unto himself a life estate. This deed was recorded on August 6, 1975. The deed was prepared by a Clay County attorney pursuant to instructions from plaintiff. There is no evidence that defendant was aware of the preparation or existence of the warranty deed until after the fact. This conveyancing document was prepared and signed as a purely voluntary act on the part of plaintiff.

Thereafter, plaintiff increased the value of one tract of real estate by partially subdividing and building a residence on one lot. To finance the construction of the residence plaintiff sold $30,000 of his stock which was held in the joint names of the plaintiff and defendant, and which defendant delivered to the stock broker. Plaintiff intended to complete construction and live in the house for the required period of time necessary to achieve a capital gains posture. Prior to this time the parties granted an option to an unidentified portion of the real estate, which was not timely exercised, and plaintiff gave the minimal stated consideration to the defendant as a gift. When the residence was 90% to 95% completed, plaintiff received an inquiry concerning possible sale. He approached defendant about conveying the improved portion and defendant refused stating "he liked things the way they were." Construction ceased promptly and the house had not been completed at trial time. Admittedly, defendant did not pay to plaintiff any consideration for the warranty

deed or share any part of the costs of the improvements. The plaintiff's additional admitted purpose in executing and recording the warranty deed was to avoid the tribulations and expense of probate.

Based upon this evidence, the plaintiff-appellant alleges that the trial court erred in entering judgment at the close of the plaintiff's case. Specifically, it is alleged that plaintiff's evidence was uncontroverted and must be accepted as true, which this Court must review de novo; that the deed was executed without consideration and present intent to convey; that the deed was procured by actual or constructive fraud; that the parties were in a confidential relationship; that no gift was intended and defendant bore the burden of proving a gift; and that defendant would be unjustly enriched, any one of which allegations would mandate the reversal of the judgment entered.

■ At the close of plaintiff's case defendant filed his Motion for a Directed Verdict. The court treated this incorrectly labeled motion as a motion for judgment. As recognized by plaintiff, Rule 67.02 permits the filing of a motion to dismiss at the close of the plaintiff's evidence on the grounds that upon the facts and law plaintiff is not entitled to relief. The alternatives requested in the petition are equitable actions "and in such actions a motion to dismiss at the close of plaintiff's case constitutes a submission of the case by defendant as it stands when the motion is offered, 30A C.J.S. Equity § 579 at 643. The trial court is to weigh the evidence, resolve conflicts, and on that basis rule the motion. *Rigg v. Hart*, 255 S.W.2d 778, 779[3] (Mo.1953). On appeal we review the record anew on the facts and applicable law, giving due deference to the trial court's superior opportunity to judge the credibility of witnesses. Rule 73.01(3). We are, however, to affirm the decree of the trial court 'unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.' *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc, 1976)."

*Fix v. Fix Material Co., Inc.*, 538 S.W.2d 351, 354 (Mo.App.1976); *Gates Rubber Co. v. Williford*, 530 S.W.2d 11 (Mo.App.1975). In a court tried case the judgment of the trial court is presumed to be correct and the appellant has the burden of demonstrating the incorrectness of the judgment. *Weston v. Great Central Insurance Company*, 514 S.W.2d 17 (Mo.App.1974). The trial court, as the trier of the facts in a court-tried case, may believe or disbelieve all or any part of any witness's testimony and the fact that plaintiff's evidence is uncontroverted may not satisfy his burden of persuasion. *Intertherm, Inc. v. Coronet Imperial Corp.*, 558 S.W.2d 344 (Mo.App.1977); *Estate of Sheets v. Sheets*, 558 S.W.2d 291 (Mo.App. 1977); *Roth v. Roth*, 571 S.W.2d 659 (Mo. App.1978).

Additionally, we are mindful of the often stated admonition that "cancellation of a deed calls for the exercise of the most extraordinary power of a court of equity, which ought not be exercised except in clear cases upon proof which is clear, cogent and convincing." *Gibson v. Smith*, 422 S.W.2d 321, 327 (Mo.1968) and cases therein footnoted.

■ The mere lack of consideration in a deed from parent and child does not, per se, invalidate the deed, *Davis v. Pitti*, 472 S.W.2d 382 (Mo.1971); *Howell v. Cohoon*, 355 S.W.2d 899 (Mo.1962), and a voluntary conveyance without consideration is valid as between the parties, *Schultz v. Curson*, 421 S.W.2d 205 (Mo.1967); *Allan v. Allan*, 364 S.W.2d 578 (Mo.1963). The plaintiff has not delineated evidence supportive of his allegation that he had no present intent to convey the real estate to defendant, nor could he do so from the evidence adduced. He told defendant he intended to do so, albeit he did not identify the property. He told a real estate agent friend of his intention and visited the attorney suggested by the agent, which attorney drafted the warranty deed conveying title to defendant subject to plaintiff's life estate. The deed is a form which contains the usual words of grant, is absolute on its face, and clearly expresses the intention of the grantor, *Schultz v. Cur-*

*son, supra.* The deed was recorded at the direction of plaintiff which "is indicative of unconditional delivery and of the grantors' intention that the instrument was to be operative as [a] . . . conveyance, as it purported on its face." *Pahler v. Young,* 232 S.W.2d 393, 395 (Mo.1950).

In a convoluted fashion plaintiff argues that plaintiff conveyed the real estate to defendant for the consideration of defendant's agreement to "cooperate;" that defendant's failure to "cooperate" constituted failure of consideration representative of actual or constructive fraud. Intertwined with this alleged error is plaintiff's fourth and sixth points as equity will not permit the unjust enrichment of a party occasioned by the actual or constructive fraud of that party or a third party, and proof of a confidential relationship negates proof of actual fraud as a breach of promise made during such a relationship is considered constructively fraudulent. *White v. Mulvania,* 575 S.W.2d 184 (Mo. banc 1979); *Mahler v. Tieman,* 550 S.W.2d 623 (Mo.App.1977).

It does not require supportive citations to declare that the essential elements of actual fraud are (1) a representation was made of a material fact which was false and known to be false, or was recklessly made, (2) the representation was made with the intent to deceive for the purpose of inducing the bearer to act upon it, (3) the bearer reasonably relied upon it (4) to his proximate injury and damages. These essential elements of fraud have been restated in varying language in a multitude of cases. Missouri Digest, Fraud, § 3. A failure to prove any of these essential elements is fatal to plaintiff's right of recovery. *King v. Morris,* 315 S.W.2d 497 (Mo. App.1958). Fraud is never presumed, but may be established by direct or circumstantial evidence, *Bayer v. American Mutual Casualty Co.,* 359 S.W.2d 748 (Mo.1962), with the burden of proof on the party who charges fraud. *Shepherd v. Woodson,* 328 S.W.2d 1 (Mo.1959). A confidential relationship as a pedestal of constructive fraud cannot be precisely defined, although it is generally synonymous with a fiduciary rela-

tionship. Equity will not limit the circumstances wherein a fiduciary relationship may exist, but will look for those instances where a special confidence pertaining to the property and business affairs is reposed on one side with a resulting influence on the other. A confidential relationship is not proved merely by a showing of blood ties or family connection. *Mahler v. Tieman, supra* at 628; *Davis v. Pitti, supra ; Wilhoit v. Fite,* 341 S.W.2d 806 (Mo.1961). Without restating the evidence, but applying that evidence, it will suffice to state that the plaintiff failed in proof of actual or constructive fraud. It was the plaintiff who unilaterally declared his intent to convey his real estate to his son if he would "cooperate." He did not define his meaning of cooperation or delineate the acts and conduct necessary for the defendant to "cooperate." It was the unilateral and voluntary act of the plaintiff that caused the warranty deed to be prepared and filed by the lawyer of his choice. He signed the deed and acknowledged his signature as his free choice. There is no evidence that plaintiff reposed special confidences concerning his property and business affairs with defendant and that defendant exerted undue influence, which element must be directly or inferentially proven in addition to proof of the confidential relationship. *Davis v. Pitti, supra.* There can be no doubt that plaintiff managed his business affairs without intervention or advice from defendant. He was proud, and perhaps rightfully so, of the assets and affluence he had acquired on his own. One of his avowed purposes in conveying the real estate, and giving the common stock, to defendant was to educate him in business affairs and to assist him in acquiring financial independence.

Plaintiff's contention that there was a failure of consideration is premised on defendant's refusal to execute a warranty deed so that the improved property could be conveyed to a purchaser, or to the plaintiff so that he could convey. Considering, but not deciding, that the promise to cooperate was the consideration which created a contractual relationship between the par-

ties, and that the failure to cooperate constituted a failure of consideration, does not cause us to decree a reversal. This for the reason that failure to perform an agreement as promised is ordinarily not a ground for equitable cancellation of a deed in the absence of additional circumstances independently justifying this relief such as fraud, duress, mistake or undue influence. *Radford v. Radford*, 388 S.W.2d 33 (Mo. 1965); *Bevins v. Harris*, 380 S.W.2d 345 (Mo.1964); *Gibson v. Smith*, 422 S.W.2d 321 (Mo.1968); 13 Am.Jur.2d Cancellation of Instruments, § 22, pp. 515–516; 12 C.J.S. Cancellation of Instruments § 23(c), p. 972. These authorities also declare that where a deed is executed in consideration of a promise without any clause providing for forfeiture, re-entry or reverter on failure to perform and there is no showing that the grantee practiced fraud upon the grantor or took unfair advantage of him, then there is no basis for a decree of cancellation. The estate conveyed vests in the grantee, does not await performance of the promise, and may not be divested by nonperformance. The grantor's remedy is a suit for breach of agreement. As is noted in the case of *Schulz v. Coleman*, 473 S.W.2d 716 (Mo. 1971), relied on by the plaintiff, in those cases wherein the deed is set aside the rescission is bottomed on fraud of which failure of consideration may be evidence.

In urging that defendant will be unjustly enriched by the value of the construction undertaken voluntarily by plaintiff, the plaintiff seeks to establish a constructive trust. Such a trust may be imposed as a remedy to prevent unjust enrichment. *Murphy v. Olds*, 508 S.W.2d 249 (Mo.App.1974); *Steele v. Cross*, 366 S.W.2d 434 (Mo.1963); *Mahler v. Tieman, supra.* A constructive trust does not arise as a result of an agreement or intention of the parties, but is implied by law and is a method of the law of equity to rectify a situation where a party has been wrongfully deprived of some right, title or benefit in property as a result of fraud or violation of confidence by another. Fraud, actual or constructive, is the essential element of a constructive trust. *Gwin v. Gwin*, 219 S.W.2d 282 (Mo.App.

1949); *March v. Gerstenschlager*, 436 S.W.2d 6 (Mo.1969); *Forester v. Bellville*, 513 S.W.2d 726 (Mo.App.1974); *Estate of Sheets v. Sheets, supra.* It is unnecessary to reiterate the evidence to declare that it was the voluntary and knowing acts and conduct of plaintiff, unaltered by any actual or constructive fraud by defendant, which created the condition causing plaintiff's entry into the trial court.

Lastly, plaintiff urges that the transfer of title was not intended as a gift and defendant failed to prove a gift was intended and, therefore, the trial court erred in entering judgment for defendant. Prefatory to our discussion, we note that the amended petition seeks to set aside the warranty deed on the general grounds of no present intent to convey, lack of consideration, mutual mistake of fact, fraud, and that the deed was intended to be testamentary in nature. To this pleading the defendant filed a general denial. If the issue of gift was raised in the pleadings, which the plaintiff asserts, it could only have been in the counterclaim which was dismissed following entry of judgment at the close of plaintiff's case. That pleading has not been included in the transcript and we cannot speculate as to its contents. A cause must be reviewed on appeal on the theories upon which it was brought and tried. *Kenner v. Aubuchon*, 280 S.W.2d 820 (Mo.1955). We refer the parties to three cases found in our research, *Mueller v. Mueller*, 318 S.W.2d 365 (Mo.1958); *Stallcup v. Williamson*, 235 S.W.2d 318 (Mo.1951); and *Tweed v. Timmons*, 253 S.W.2d 176 (Mo.1952), which are factually similar in many respects to this case. We will not prolong this opinion by individually identifying the facts of these cases. It is sufficient to state that in each case the plaintiff was unsuccessful in cancelling a deed that was voluntarily executed. In each the plaintiff asserted trial error identical to plaintiff's assertion in this case. A quote from one of those cases, *Stallcup v. Williamson, supra* at 321, "In suits to set aside a voluntary deed this court has repeatedly said the burden of proof rests upon the plaintiff who seeks to set it

aside," is dispositive. Plaintiff's theories for setting aside the warranty deed have been enunciated. He did not seek to cancel the deed on the theory that there was no valid gift. *Mueller v. Mueller, supra.*

Having studied the transcript and considered the authorities cited by the parties, we conclude that the judgment of the trial court is correct in fact and law. It is therefore affirmed.

All concur.