**Anna M. MATTINGLY, Appellant,**

v.

**N. H. BRUCKERHOFF, Respondent.**

No. 41168.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 13, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 20, 1980.

Application to Transfer Denied
Sept. 9, 1980.

David G. Beeson, Buerkle, Lowes & Beeson, Jackson, for appellant.

Stephen E. Strom and John L. Oliver, Jr., Cape Girardeau, for respondent.

GUNN, Presiding Judge.

■ Plaintiff-appellant Anna Mattingly appeals from an adverse judgment in her action to set aside or reform a general warranty deed by which she conveyed title to real property to defendant-respondent, N. H. Bruckerhoff.[1] Her attack on the validity of the deed centers on the following: that her deceased grandson, allegedly acting as agent for defendant Bruckerhoff, procured her signature to the deed through fraud, duress and undue influence; that the deed was unsupported by consideration and lacked the requisite delivery. We affirm.[2]

In December, 1975, plaintiff Mattingly's grandson, Rick Hansen, contracted with defendant Bruckerhoff to convey two tracts of land in Missouri: the "Hansen" tract and the tract in dispute—the "Mattingly" tract. In exchange for the land, Mr. Bruckerhoff agreed to pay Hansen a sum certain and pay off certain of his outstanding debts. On January 19, 1977, Mrs. Mattingly signed the deed. Kim Moore, a notary public and an attorney for the First National Bank of Perryville, was present to witness and notarize Mrs. Mattingly's signature to the deed. Although Mrs. Mattingly contends otherwise, Mr. Moore was unequivocal in his testimony that he apprised Mrs. Mattingly that she was signing a deed; that he opened up the deed for her inspection; that she was under no duress at the time she executed the instrument; that her signing of the deed was free and voluntary.[3] Mr. Moore notarized the deed, and it was recorded.

Our scope of review in this court tried case is tightly circumscribed. We defer to the trial court's superior coign of vantage to determine the credibility of the witnesses. We are to affirm the judgment unless it is unsupported by the evidence, against the weight of the evidence or that the trial court has erroneously declared or applied

---

1. Plaintiff-appellant also filed a damages count for fraud.

2. Respondent has moved that we strike appellant's brief. It is not necessary for us to grant the motion. *See: Zurheid-Hermann, Inc. v. London Square Dev. Corp.,* 504 S.W.2d 161, 164 (Mo.1973).

3. Mr. Moore's testimony in this regard was as follows:

> I said, "Let's look at what we have here." And I took the document and opened it out and laid it down on the table in front of them, and at that time I said something to the effect, "This looks like a deed or an instrument like that." I don't remember my exact words.

> Q. Were you convinced that she had done so [signed the deed] as her free and voluntary act?
> A. In my opinion of what a free and voluntary act would be, yes.
> Q. You saw nothing to indicate at that transaction at the Hansen home that she was

being forced to do this involuntary or unfreely?
A. She was under no physical duress while I was there.
Q. She was under no mental duress that you observed?
A. Well, I can't testify as to her particular mental state, but there was no one there harrassing [sic] her that would cause her to have a mental state while I was there.
Q. You saw the deed placed in front of her in a folded condition, is that right?
A. Yes.
Q. And you unfolded it in front of her and for her?
A. That's true.
Q. And you said to her, "Let's see what this is," is that right?
A. Words to that effect.
Q. You did that for the purpose of making sure that she knew what she was signing, is that right?
A. Well, so that she knew it was a deed, yes.

the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976); *Cave v. Cave*, 593 S.W.2d 592 (Mo.App.1979).

Although appellant relies on a prolix maze of points and subpoints to set aside the trial court's judgment, her argument on appeal essentially sifts down to an attack on inconsistencies in the trial court's findings of fact and conclusions of law, witnesses' credibility and evidentiary rulings.

■ Mrs. Mattingly's first argument is that certain alleged factual or legal misstatements in the trial court's findings of fact and conclusions of law provide ground for setting aside the judgment. But our primary concern is with the correctness of the trial court's result and not the route by which it is reached. *State ex rel. Keeven v. City of Hazelwood*, 585 S.W.2d 557 (Mo. App.1979). Even if the trial court assigns incorrect reasons, as Mrs. Mattingly contends, its judgment must be affirmed if supported by any reasonable theory. *Boswell v. Brinckmann*, 579 S.W.2d 781 (Mo. App.1979). We have reviewed appellant's assertions of alleged trial court misstatements, both factual and legal, and find them irrelevant to the basic issue on appeal—the validity of the deed.

■ Mrs. Mattingly attacks the witnesses' credibility—including one of her own witnesses, Kim Moore—to support her contention of fraud, undue influence and duress in the procurement of the deed. Mrs. Mattingly testified that she thought she was signing a release of a note. That is contrary to Mr. Moore's version of what transpired. In any event, credibility of witnesses is for the trier of fact and when there is conflict in testimony, we defer to the trial court's determination on that issue. *Cave v. Cave*, 593 S.W.2d at 595; *Lytle v. Page*, 591 S.W.2d 421 (Mo.App.1979). Mr. Moore's testimony that he informed Mrs. Mattingly that she was to sign "a deed or an instrument like that" is substantial evidence, not an equivocation as contended. *Compare: Rossmann v. G.F.C. Corp. of Mo.*, 596 S.W.2d 469 (Mo.App. E.D., 1980).

■ Furthermore, assuming arguendo that Rick Hansen was acting as agent for Mr. Bruckerhoff and further assuming the existence of a confidential relationship between Mrs. Mattingly and her grandson, neither assumption gives rise to a presumption of undue influence. *Reeves v. Boone*, 591 S.W.2d 118 (Mo.App.1979). The trial court's finding that plaintiff failed to meet her burden of proving fraud, undue influence, or duress in the procurement of the deed is supported by substantial evidence and is not against the weight of the evidence.

■ Mrs. Mattingly also contends that the deed was unsupported by adequate consideration. However, a voluntary conveyance as between the parties is valid, even in the absence of valuable consideration. *Allan v. Allan*, 364 S.W.2d 578 (Mo.1963); *Cave v. Cave*, 593 S.W.2d at 595. There was substantial evidence to support the trial court's finding of a voluntary conveyance.

■ Mrs. Mattingly's argument that there was no delivery of the deed requisite to its validity is also untenable. The trial court found the requisite delivery of the deed to defendant, and under the facts of this case, including the fact the deed was notarized and duly recorded, that finding is acceptable. *See: Pollock v. Brown*, 569 S.W.2d 724 (Mo. banc 1978).

■ Finally, Mrs. Mattingly asserts two evidentiary rulings as error—the exclusion of parol evidence and testimony under the Dead Man's Statute,[4] § 491.010, RSMo 1978, as evidence of fraud, undue influence and duress as to the events surrounding the execution of the deed. However, the trial court accepted all offers of proof and in its findings of fact and conclusions of law found that if the evidence was admissible, though it held it was not, Mrs. Mattingly would have failed to meet her burden of proof. In any event, "it is the rule that the admission or rejection of evidence is not an issue in a court-tried case." *Bollinger v.*

---

4. Rick Hansen had perished by his own hand prior to trial.

*Sigman*, 586 S.W.2d 773, 775 (Mo.App.1979), *citing with approval, Webb v. St. Louis County Nat. Bank.* 551 S.W.2d 869, 883 (Mo. App.1977).

We have reviewed the evidence and determined that there is substantial evidence to support the trial court's ruling and is not against the weight of the evidence, nor did the trial court erroneously declare or apply the law. *Murphy v. Carron; Cave v. Cave.*[5]

STEPHAN and PUDLOWSKI, JJ., concur.

5. Appellant's counsel suggests that because of the time lag between trial and entry of the judgment the trial court's memory of the evidence was clouded. Such suggestion seems specious and overlooks the supplication to the trial court for a substantial period of time—60 days plus 15 days for reply—for after trial briefs on behalf of appellant.