Carl ABRAMS and Edna Abrams, his wife, Respondents,

v.

B–MARK POOLS, INC. and Clyde Blake, Appellants.

No. 43030.

Missouri Court of Appeals, Eastern District, Division Three.

May 5, 1981.

James E. Bowles and Richard W. French, Thurman, Nixon, Smith, Howald, Weber & Bowles, Hillsboro, for appellants.

Kent Karohl, Sestric, Karohl, La Barge, Korum & Russell, Kirkwood, for respondents.

CLEMENS, Senior Judge.

Plaintiff husband and wife sued the corporate and individual defendants for damages to their homesite, claiming it was caused by defendants' faulty construction of a swimming pool. They pleaded defendants had contracted to build the pool with a concrete floor six inches thick but instead installed flooring less than half that thick, and for that reason the pool was forced up and broken apart by underground water pressure.

The trial court found for plaintiffs and awarded them $6,600. Defendants appeal from the ensuing judgment, contending it lacked evidentiary support.

■ Under that attack, the scope of our review is prescribed by *Daniels v. Champion,* 592 S.W.2d 869 (Mo.App.1979). We must affirm unless the judgment lacks evidentiary support; the burden of showing that lack is on the defendants; the trial court may believe all or none of the testimony. So, we must give due deference to the trial court.

Plaintiffs' evidence came principally from Thomas W. Kirk, a registered consulting engineer who specialized in construction defects. He first examined defendants' plans and specifications and found they called for concrete flooring at least six inches thick. He then inspected the dislodged pool and found the flooring thickness was only half an inch to three and a half inches. He said this caused the pool to float up because the floor weighed only 20 pounds a square foot as compared to 75 pounds a square foot had it been six inches thick as required by the parties' contract.

■ The question of what facts constitute a breach of contract is one of law to be decided by the court. *Wineteer v. Kite,* 397 S.W.2d 752[3] (Mo.App.1965).

By defendants' first point they contend the parties' plans and specifications did not require the pool flooring to be of any given thickness. This was the opinion of defendant Clyde Blake, but as said, was squarely refuted by plaintiffs' engineer witness. The trial court was free to reject the former and accept the latter. We deny defendants' first point.

■ By their next point defendants challenge the judgment because plaintiffs failed to show the pool floor needed to have been six inches thick to have been "constructed in a workmanlike manner". They cite *North County School District v. Fidelity & Deposit Co.,* 539 S.W.2d 469[7] (Mo.App. 1976), relying on language: "in actions for breach of a construction contract, the mere showing of some defect in the construction is not sufficient to establish a breach of contract absent some substantial evidence that the terms of the contract were not

complied with or that the work was done in an unworkmanlike manner by the contractor." Note the alternative word "or". "Workmanlike manner" is not the issue where, as here, there was substantial evidence defendants breached the specific terms of the contract as to floor thickness. We deny defendants' point.

Last, defendants contend the failure of the pool floor to be six inches thick was not shown to be the proximate cause of the pool floating up. The test of proximate cause is whether, after the event, the injury appears to be the reasonable and probable consequence of the defendants' act or omission. *Green v. Kahn*, 391 S.W.2d 269[8] (Mo.1965). Engineer-witness Kirk testified the concrete's weight was only 20 pounds instead of 75 pounds a square foot and the fact the floor was not six inches thick contributed to cause the pool to float up "because then you can't have the mass, the weight to resist the pressure of the water underneath". We deny defendants' contention the evidence failed to show the proximate cause of the damage to plaintiffs' pool.

Judgment affirmed.

CRIST, P. J., REINHARD and SNYDER, JJ., concur.