**Robert COWAN and Cleta Cowan, Plaintiffs-Appellants,**

v.

**Troy COWAN, Defendant-Respondent.**

**No. 12138.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 8, 1982.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied June 22, 1982.

Application to Transfer Denied Sept. 13, 1982.

Curtis W. Carle, Bonnie Keaton, Gene Gulinson Law Offices, Salem, for plaintiffs-appellants.

Steven J. Schroeder, Davis, Schroeder & Davis, St. Charles, for defendant-respondent.

PER CURIAM.

Plaintiffs' twelve count petition sought money damages from defendant, contending that defendant improperly gained control of assets belonging to Mary Cowan, the mother of Robert Cowan and Troy Cowan, shortly before her death. Consolidated for non-jury trial with that petition was plaintiffs' petition under § 473.340, RSMo 1978, seeking discovery of assets for the estate of

Mary Cowan. At the close of plaintiffs' evidence, defendant filed a motion to dismiss. Rule 67.02. The trial court sustained the motion and entered judgment denying all relief sought.

■ Plaintiffs contend that the trial court erred in sustaining defendant's motion because plaintiffs had made a prima facie showing of all necessary elements under each cause pleaded. Whether a sufficient showing was made on any of plaintiffs' claims is questionable. However, even if we assume that there was, that would not prevent the trial court from sustaining the motion. The effect of defendant's motion was to submit the case for decision on the merits as it then stood; the trial court was to weigh the evidence, resolve conflicts, and on that basis rule the motion. *Cave v. Cave*, 593 S.W.2d 592, 595 (Mo.App.1979); *Reeves v. Boone*, 591 S.W.2d 118, 121 (Mo.App.1979). We review such a judgment on the facts and law, giving due deference to the trial court's superior opportunity to judge the credibility of the witnesses and we affirm the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless the court erroneously declares the law, or unless the court erroneously applies the law. *Cave v. Cave*, supra, 593 S.W.2d at 595. The trial judge, as the trier of fact, may believe or disbelieve all or any part of any witness's testimony and even if plaintiffs' evidence is uncontroverted, it still may not satisfy his burden of persuasion. Id.

■ We have reviewed the record and have determined that the trial court's judgment is supported by substantial evidence, is not against the weight of the evidence and that no error of law appears. We also determine that an opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

All concur.