**Sharon Lee RUTLEDGE,**
**Plaintiff-Respondent,**

**v.**

**Virginia A. RUTLEDGE,**
**Respondent-Appellant.**

**No. 45754.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 19, 1983.

Lawrence F. Hartstein, St. Louis, for respondent-appellant.

Claude Hanks, Creve Coeur, for plaintiff-respondent.

SMITH, Judge.

Defendant, Virginia Rutledge, appeals from the judgment of the trial court ordering her to convey title to property in St. Louis County to her son and daughter-in-law upon payment by them of the outstanding mortgage on the property. This relief was ordered upon the trial court's finding that defendant was a constructive trustee of the property.

The action was brought by Sharon Rutledge, the estranged wife of defendant's son, Walter. The son was joined as a necessary party but without designation as plaintiff or defendant. He has taken no part in the trial or appeal. Sharon and Walter were the purchasers of a house at 438 Susan in 1973. That property was subject to a deed of trust to secure a note payable to Community Federal Savings and Loan Association. In 1976 Sharon and Walter were delinquent in their payments and the deed of trust was foreclosed. Notice of redemption was served on the trustee and a redemption bond of $6000 was executed by Sharon and Walter as principals and Virginia as surety. Walter and Sharon were unable to obtain a loan to redeem the property and five days before expiration of the redemption period executed a quit-claim deed to the property to Virginia. On the same day Virginia executed a promissory note and deed of trust to Bank of Crestwood using the money to redeem the property. Sharon and Walter continued living in the house until their separation in 1980 and Sharon and her child were living there at the time of trial in November 1981.

From the time of redemption until July, 1980, Walter and/or Sharon made the payments on the note to Crestwood Bank.[1] They made no payments during the redemption period. They also made some repairs and improvements to the premises in an amount Sharon claimed was $3000. Virginia disputed the items and amount of repairs made.

Plaintiff testified that at the time the quit-claim deed was executed defendant agreed that when the note to Crestwood Bank was paid off she would reconvey the property to Walter and Sharon. This promise, Sharon contends, warrants imposition of a constructive trust on defendant's ownership of the property. Defendant denied any such agreement, stated that she took title and redeemed the property to avoid liability on the redemption bond, that she intended to keep the property as an investment and to keep Walter, Sharon and her grandchild from being put "out in the streets," that the payments on the note were the rents for use of the premises, that Walter and Sharon were to make repairs and that improvements made were not at her behest. The trial court found an oral agreement as testified to by plaintiff. Defendant has raised several challenges to the action of the trial court. Because we find no basis for imposition of a constructive trust we deal only with that issue.

A constructive trust is a means of:
"effecting restitution or of rectifying a situation where, as the result of the violation of confidence or faith reposed in another, or fraudulent act or conduct of such other, the plaintiff, who seeks the aid of equity, has been wrongfully deprived of, or has lost, some title, right, equity, interest, expectancy, or benefit, in the property which, otherwise and but for such fraudulent or wrongful act or conduct, he would have had." *Suhre v. Busch,* 343 Mo. 679, 123 S.W.2d 8 (1938) [1–3].

1. At the time of trial a large unspecified amount was still owed on the note. The trial court ordered reconveyance upon payment by plaintiff of the amount due.

■ Fraud, either actual or constructive, is the essential element for imposition of a constructive trust. *Cave v. Cave,* 593 S.W.2d 592 (Mo.App.1979) [15–18]. If a fiduciary or confidential relationship exists between the alleged trustee and beneficiary, *no proof of actual fraud is necessary* to establish a constructive trust since the breach of a confidential relationship is, in itself, a constructive fraud. *Mahler v. Tieman,* 550 S.W.2d 623 (Mo.App.1977) [6, 7]. ". . . [A] confidential relationship is synonymous with a fiduciary relationship, and extends to instances in which a special confidence is reposed on one side and there is a resulting *domination and influence* on the other." *Gibson v. Gibson,* 534 S.W.2d 100 (Mo.App.1976) [4, 5]. (Emphasis in original). A confidential relationship is not proved merely by showing blood ties or family relationship. *Beach v. Beach,* 207 S.W.2d 481 (Mo.1947) [6]; *Mahler v. Tieman, supra* [8–11]. It is the presence of confidence and dominion which marks the confidential relationship. With these legal principles delineated we turn to the case before us.

■ The alleged oral agreement to reconvey is unenforceable under the Statute of Frauds, Sec. 432.010 R.S.Mo.1978. Nor is breach of such an agreement without a showing of fraud or a breach of a confidential relationship sufficient to establish a constructive trust. *Schultz v. Curson,* 421 S.W.2d 205 (Mo.1967) [6]; *Beach v. Beach, supra* [5]. Plaintiff makes no contention and introduced no evidence that actual fraud exists here. In fact, she specifically denied on the stand the presence of fraud. Nor has she proven a confidential relationship.[2] The only evidence in that regard is the family relationship and the fact that Sharon was employed by her mother-in-law. Without more, neither fact in itself or in combination establishes a confidential relationship. There was no evidence that plaintiff or her husband reposed any special confidence in Virginia or that Virginia exercised any domination or influence over them. At most, the evidence reflects that when Sharon and Walter were in financial need (a not unusual occurrence) Virginia would help them out. That does not establish a confidential relationship. The evidence establishes neither actual or constructive fraud, one of which is necessary for a declaration of a constructive trust.

Furthermore, plaintiff has failed to establish any deprivation of any title, right, equity, interest, expectancy or benefit from defendant's conduct. When the quit-claim deed was executed the foreclosure had already occurred and the period of redemption was within five days of expiring. By her own testimony, plaintiff admitted she and her husband had been unable to obtain a loan to redeem, did not have the money to redeem and that but for her mother-in-law's intervention the property would have been lost. This factual situation (as well as the absence of a confidential relationship) distinguishes this case from *Swon v. Huddleston,* 282 S.W.2d 18 (Mo.1955) and *Johnson v. Blase,* 322 S.W.2d 759 (Mo.1959) upon which plaintiff relies. Those cases involved actions by the fiduciary which prevented the beneficiary from protecting himself. Here defendant had substantial money of her own subject to loss upon expiration of the redemption period and she took action to protect that money when it had become impossible for plaintiff and her husband to redeem. We find nothing fraudulent about her actions, actually or constructively, and no loss to plaintiff therefrom.

■ Plaintiff contends there was no consideration for the transfer. There was, for plaintiff and her husband were liable to defendant for any loss defendant suffered as a surety on the redemption bond and that liability was eliminated by the conveyance and the redemption by defendant. Additionally, consideration is not necessary for a voluntary conveyance as between the

2. In its conclusions of law the trial court discussed the effect of a confidential relationship upon establishment of a constructive trust. The court's findings of fact conspicuously lack any finding of a confidential relationship or any finding to support such a relationship other than the family ties of the parties.

parties. *Wilkie v. Elmore,* 395 S.W.2d 168 (Mo.1965) [14]; *Cave v. Cave, supra* [6–8].

Judgment reversed.

PUDLOWSKI, P.J., and KELLY, J., concur.