Robert and Fadra DUNHAM,
Plaintiffs-Appellants,

v.

ESTATE OF Fowler HAMILTON,
Defendant-Respondent.

No. WD 37659.

Missouri Court of Appeals,
Western District.

Oct. 14, 1986.

Laurence R. Tucker (argued), Kansas City, for plaintiffs-appellants.

Robert M. Hill (argued), Richmond, for defendant-respondent.

Before NUGENT, P.J., and BERREY and GAITAN, JJ.

NUGENT, Presiding Judge.

Plaintiffs Robert Dunham and Fadra R. Dunham, husband and wife, appeal the judgment entered in a court-tried action in which they alleged a breach of a lease by their tenant, Fowler Hamilton.[1] Plaintiffs claim that the court erred in rejecting their three offers of proof of defendant's breach of a provision of that lease. We affirm the judgment of the trial court.

The Dunhams sought damages from Fowler Hamilton for the breach of two provisions of a lease of 478 acres of land located in Caldwell County for a term of twelve months beginning May 1, 1981. In their effort to prove the breach of the first provision that defendant Hamilton maintain or restore the level of soil fertility of May 1, 1975, the appellants tendered the three offers of proof excluded by the trial court. The court ruled that the Dunhams failed to sustain their burden of proof.

1. Upon the death of Fowler Hamilton after the filing of this appeal, Helen Katherine Hamilton and Sandra S. Weiksner, his personal represent- atives, were substituted as respondents pursuant to Supreme Court Rule 52.13.

Alternatively, the plaintiffs argue that, even if the three offers of proof were properly excluded, the evidence was sufficient to support a judgment in their favor and that the judgment for the defendant was not supported by substantial evidence, was against the weight of the evidence, and requires reversal.

■ Plaintiffs do not appeal the trial court's judgment in their favor on their second claim in which the court required Fowler Hamilton to respond in damages for breach of a provision of the lease requiring him to resow thirty acres of the premises in Napier Alfalfa grassmix at the termination of the lease. Therefore, that portion of the judgment is not at issue in this appeal, contrary to the argument advanced in defendant Hamilton's representatives' appellate brief. In the absence of a cross-appeal, the reviewing court is concerned only with the complaint of the party appealing. The opposing party who filed no appeal will not be permitted to complain of any portion of the trial court's judgment adverse to him. *Goldberg v. State Tax Commission,* 618 S.W.2d 635, 642 (Mo. 1981), citing *Jenkins v. Meyer,* 380 S.W.2d 315, 323 (Mo.1964). *See also Cragin v. Lobbey,* 537 S.W.2d 193, 195–96 (Mo.App. 1976).

The provision of the lease at the heart of this appeal states that:

It is understood between the parties that at the termination of this leasehold agreement, the level of fertility which existed on the above-described land on May 1, 1975 is to exist as of such date of termination of the leasehold estate and the said party of the second part is expressly charged with the duty to maintain or restore such level of fertility, subject to acts of God or otherwise beyond the control of said second party.

May 1, 1975, is significant because it marks the beginning of the continuous dealings between the parties. From 1975 until the May 1, 1982, termination of the lease that is the subject of this appeal, the land was leased to Fowler Hamilton's brother, Eugene S. Hamilton as president of Green Top Farms, and then repeatedly to Fowler Hamilton, pursuant to various lease agreements. A provision similar to the one now at issue requiring that the tenant maintain the soil fertility as it existed at the beginning of the tenancy appeared in the lease between the Dunhams and Fowler Hamilton for the term January 1, 1978, to May 1, 1979.

The plaintiffs tendered three offers of proof to show that the defendant had failed to abide by the lease provision in question. The first offer of proof was plaintiff Robert Dunham's testimony regarding the use of the land during the six-year period from May 1, 1975, through May 1, 1981 ("the interim years"), including the types of crops grown, the number of cattle grazing, and his observation that no fertilizer was applied to the property during the six-year period, except nitrogen applied to a wheat crop in 1976 or 1977 by former lessee Green Top Farms. The second offer was plaintiff Fadra R. Dunham's testimony, which essentially reiterated the testimony of her husband. The third rejected offer was the expert testimony of agronomist Dr. Roger Hanson, a professor at the University of Missouri. Dr. Hanson testified that he was engaged in the case to do an investigation on behalf of the Dunhams to calculate the diminution in fertility of the land leased by Fowler Hamilton during the period from May 1, 1981, to May 1, 1982, and the cost of restoring the land at the termination of the leasehold estate to the level of fertility as it was on May 1, 1975. He based his calculations on various documents, relying heavily upon the "county averages" as accumulated in annual issues of *Missouri Farm Facts* for the years 1976 through 1982 to reflect the accepted levels of productivity of land in Caldwell County during those years. The Dunhams offered the issues of *Missouri Farm Facts* into evidence as documents referred to by the expert in the formulation of his opinions, and secondly, as records of the United States Department of Agriculture and of the Missouri Department of Agriculture as

admissible under Revised Statutes of Missouri, § 490.220 (1978).[2]

The court .excluded the evidence contained in the three offers of proof because it pertained to the six years between May 1, 1975, and May 1, 1981, a period not relevant to the term of the lease, May 1, 1981, to May 1, 1982. With respect to Dr. Hanson's expert testimony, the court failed to see the relevance of county averages in determining the soil fertility of a specific farm. Considering that production on the Dunham's farm could vary widely from county averages, the court viewed Dr. Hanson's calculations as speculative. However, the court did admit the 1976 and 1982 issues of *Missouri Farm Facts* into evidence. Those issues summarize productivity averages for 1975 and 1981, periods the court deemed relevant to the issues presented in the case.

The plaintiffs offered other evidence to prove the breach of the lease provision which the court admitted. Essentially, the court admitted testimony of Robert and Fadra Dunham to show the change between the standard as of May 1, 1975, and the one-year lease period beginning May 1, 1981, but excluded testimony referring to the interim years. The Dunhams testified about the crops and grasses grown, and the estimated number of cattle pastured on the land during the 1981–82 lease year. They agreed that the land had not been overgrazed during Mr. Hamilton's tenancy. They kept no records of the yield of the various crops Mr. Hamilton grew during the one-year tenancy except records pertaining to the number of hay stacks resulting from the swathing of approximately 225 acres of hay which the Dunhams helped to harvest under an agreement with Mr. Hamilton. Both testified that fewer stacks of hay were harvested than in previous years. Fowler Hamilton could not provide production records to demonstrate the

yield for crops grown on the premises during the one-year tenancy.

Mr. Dunham also testified that at the end of the lease term, he presented Fowler Hamilton with an itemized bill and a letter demanding payment in the sum of $34,044, the cost of restoring the soil to the fertility level as it existed on May 1, 1975, as well as demanding payment in the sum of $2,086.20 for failure to resow thirty acres of land with Napier Alfalfa grassmix pursuant to a second lease provision not at issue on appeal. The court admitted this letter of May 18, 1982, with the itemized bill attached as plaintiffs' Exhibit No. 5. Mr. Dunham based his calculation of the depletion of nutrients and the cost of restoring them upon soil tests taken in 1982.[3] He first calculated the figure with the county agent, and then recalculated it with the help of Mrs. Dunham before sending the bill to Mr. Hamilton. Mr. Hamilton's refusal to pay this bill sparked this action.

## I.

Plaintiffs' first point on appeal is that the trial court wrongfully excluded their three offers of proof concerning the use of the leased farm land during the interim years from 1975 to 1981 as observed firsthand by Robert and Fadra Dunham, and concerning Dr. Hanson's calculations of nutrients lost during those years, based upon state and federal records of county and state productivity averages set forth in the annual issues of *Missouri Farm Facts*. Plaintiffs remind the court that unless evidence is clearly beyond relevance, it should not be excluded. *State v. Tevis*, 340 S.W.2d 415, 420–21 (Mo.App. 1960); *Luechtefeld v. Marglous*, 151 S.W.2d 710, 714 (Mo.App.1941). *See also Arie v. Intertherm, Inc.*, 648 S.W.2d 142, 154 (Mo.App.1983), citing *Mercantile Trust Co., N.A. v. Harper*, 622 S.W.2d 345, 352

**2.** § 490.220 pertains to the admissibility of office records of the United States or sister states: All records and exemplifications of office books, kept in any public office of the United States, or of a sister state, not appertaining to a court, shall be evidence in this state, if

attested by the keeper of said record or books, and the seal of his office, if there be a seal.

**3.** Another soil test had been performed in 1980, but the court sustained an objection to its relevancy. No soil tests were performed in 1981.

(Mo.App.1981) ("Evidence is relevant if it tends to prove or disprove a fact in issue, or to corroborate evidence which is relevant and which bears on the principal issue.").[4]

Plaintiffs argue that the county averages contained in the issues of *Missouri Farm Facts* are not hearsay and should, therefore, have been admitted. The argument misses the mark. The court's ruling was not grounded upon a hearsay objection at all. The 1976 and 1982 issues of the publication, summarizing the county averages for 1975 and 1981, were in fact admitted. The court excluded the remaining issues because they did not pertain to the time periods the court deemed relevant but rather pertained to the interim years between 1975 and 1981, beyond the scope of the pleadings.

According to *Green v. Stanfill*, 641 S.W.2d 490, 492 (Mo.App.1982), "[r]efusal to admit evidence does not constitute reversible error unless it would have changed the result reached." Plaintiffs contend that admission of the evidence contained in the three excluded offers of proof would have required judgment in their favor. They argue that the evidence is relevant because it addresses the nature of the lease provision regarding the maintenance or restoration of the soil fertility level and whether there had been a violation. Furthermore, they argue that the expert testimony of Dr. Hanson is the best evidence available to establish the extent of the damage caused by the breach, in light of the fact that neither plaintiffs nor defendant Hamilton could supply production records for crops grown from which to calculate the damage, and since the soil tests which formed the basis of the Dunhams' damage calculation were not taken at the exact beginning and end of Mr. Hamilton's tenancy, and were, therefore, of questionable reliability. Dr. Hanson testi-

fied that the two issues of *Missouri Farm Facts* admitted into evidence did not provide sufficient information from which to make an accurate calculation. The 1982 issue contained state averages from 1977 through 1981 but contained county averages only for a two year period of time. He said that, though he could make a partial calculation based upon the information in the two issues, the calculation would be less accurate than one based on county averages documented in the consecutive issues of *Missouri Farm Facts* throughout the interim years.

In our view, the ruling of the trial court to exclude the three offers of proof was proper and must be upheld according to the standard of appellate review set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. 1976) (en banc).

Here, the trial court merely limited plaintiffs' proof to the time periods framed in the pleadings, which were specifically the twelve month period of the lease beginning May 1, 1981, and May 1, 1975, the date agreed upon by the parties to mark the desired level of soil fertility to be maintained or restored by the end of the lease term. The court permitted the Dunhams to testify regarding their observations of the use of the land during those times. The court also admitted evidence regarding the bill presented to Mr. Hamilton which reflected a damage calculation based upon soil tests. It further allowed Dr. Hanson to base his calculations upon records contained in the 1976 and 1982 issues of *Missouri Farm Facts*, but excluded the issues of *Missouri Farm Facts* for the interim years.

Admittedly, the trial court weakened the probative value of Dr. Hanson's testimony by limiting his calculations to the specific time periods referred to in the lease. Nonetheless, that ruling was within the discretion of the trial court.

**4.** Plaintiffs further rely upon *State ex rel. Boswell v. Curtis*, 334 S.W.2d 757, 760 (Mo.App. 1960), for the proposition that evidence offered does not necessarily, standing alone, have to be relevant and material, but is sufficiently relevant if it forms a chain or a link in a chain that would connect it with other evidence. However, that case deals with the question of what evidence is discoverable and is inapposite here since not all evidence properly within the scope of discovery will be admissible at the trial. Supreme Court Rule 56.01(b)(1).

In reviewing a trial court's exercise of judicial discretion an appellate court will determine whether alternative courses or choices were open to the trial judge none of which would yield a result contrary to law. If the reviewing court finds the court had been faced with such a choice between alternative legal rules, the review is complete, and the trial court will be affirmed, regardless of which choice the court made.

*Kansas City Power & Light Co. v. Jenkins*, 648 S.W.2d 555, 562 (Mo.App.1983), citing *In re George*, 630 S.W.2d 614, 622 (Mo.App.1982). The court was free to find county averages for the interim years too speculative and too remote to be of probative value in determining the nutrient depletion of the specific parcel of land in question. Likewise, the court had the right to confine the Dunham's testimony to the time periods it deemed relevant. *See City of Cape Girardeau v. Robertson*, 615 S.W.2d 526, 531 (Mo.App.1981) (whether evidence is relevant is, in the first instance, a question within the sound discretion of the trial court, and its ruling will be upheld on appeal absent a showing of abuse of discretion). The fact that evidence is logically relevant to some degree does not compel its admission where "the probative value of the evidence is slight and its admission involves consideration of many collateral matters which are remote in time and conjectural in their nature." *Matta v. Welcher*, 387 S.W.2d 265, 269 (Mo.App.1965).

## II.

■ In the alternative, plaintiffs contend that even if the three offers of proof were properly rejected the trial court's judgment in favor of defendant Hamilton was not based upon substantial evidence and was against the weight of the evidence on the record. Briefly, the evidence admitted by the trial court to establish defendant's failure to maintain or restore the level of soil fertility of the leased land was the Dunhams' observations of land use; the calculations the Dunhams and their county agent made based upon soil testing; and portions of Dr. Hanson's expert testimony

which corroborated the calculations made by Mr. Dunham.

In their brief, plaintiffs insist that the evidence before the court was substantial and persuasive because no countervailing evidence was offered by the respondent and because the very same evidence was found to be sufficient to sustain a verdict of $2,086.20 on the issue of whether Mr. Hamilton had replanted thirty acres of plaintiffs' property in Napier Alfalfa grassmix, a claim relating to another provision in the lease not at issue on appeal. We disagree with both of these contentions.

The fact that plaintiffs' evidence is uncontroverted does not necessarily satisfy their burden of persuasion. *Cave v. Cave*, 593 S.W.2d 592, 595 (Mo.App.1979), citing *Intertherm, Inc. v. Coronet Imperial Corp.*, 558 S.W.2d 344 (Mo.App.1977); *Estate of Sheets v. Sheets*, 558 S.W.2d 291 (Mo.App.1977); *Roth v. Roth*, 571 S.W.2d 659 (Mo.App.1978). According to *Murphy v. Carron, supra*, at 32, "[a]ppellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." The term "weight of the evidence" is not a matter of quantity of the evidence, but rather a product of its effect in inducing belief. *In re the Marriage of Davault*, 636 S.W.2d 422, 424 (Mo.App.1982), citing *Langley v. Langley*, 607 S.W.2d 211, 212 (Mo.App.1980).

■ Furthermore, the fact that the court's judgment for plaintiffs regarding the defendant's failure to resow thirty acres with Napier Alfalfa grassmix reflects the amount of damages calculated by the Dunhams in conjunction with their county agent—an amount contained in the same letter to Fowler Hamilton demanding payment similarly calculated for loss of soil fertility—is not alone dispositive of the claim. While those figures may have sufficed to prove the measure of damages, a question we do not reach, they do not, without more, establish breach of the lease provision relating to maintenance of soil

fertility. The court had other evidence on the reseeding issue, including the deposition testimony of Mr. Hamilton that he did not resow the thirty acres. He never disputed his breach of the second lease provision.

In a court-tried case the judgment of the trial court is presumed to be correct and the appellant has the burden of demonstrating the incorrectness of the judgment. *Cave v. Cave, supra,* 593 S.W.2d at 595, citing *Weston v. Great Central Insurance Co.,* 514 S.W.2d 17, 21 (Mo.App.1974). The trial court as the trier of fact may believe all or none of the testimony. *Abrams v. B-Mark Pools, Inc.,* 616 S.W.2d 143, 144 (Mo.App.1981). Considering the weight of the evidence in terms of its effect in inducing belief and deferring to the trial court's opportunity to have judged the credibility of the witnesses, we cannot say with a firm belief that the trial court was wrong in finding that plaintiffs failed to sustain their burden of proof in establishing breach of the lease provision concerning maintaining or restoring soil fertility.

Accordingly, we affirm the judgment.

All concur.