**William WIEDOWER,**
**Plaintiff–Appellant,**

v.

**ACF INDUSTRIES, INC.,**
**Defendant–Respondent.**

**No. 54147.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 6, 1988.

Application to Transfer Denied
Feb. 14, 1989.

Martin, Bahn, Malec and Cervantes, James M. Martin, St. Louis, for plaintiff-appellant.

Mann, Poger, Wittner and Hereford, St. Louis, for defendant-respondent.

SIMON, Judge.

In this civil action for retaliatory discharge under § 287.780 RSMo 1978, the jury returned a verdict in favor of plaintiff, William Wiedower, for $75,000.00 in actual damages and $480,000.00 in punitive damages. Thereafter, defendant, ACF Industries, Inc., (ACF) filed a post-trial motion for judgment notwithstanding the verdict or in the alternative for a new trial. Plaintiff filed a post-trial motion seeking leave

to amend his pleadings to conform to the verdict for punitive damages. The trial court granted ACF's motion for a new trial, but denied ACF's motion for j.n.o.v. and plaintiff's motion to amend his prayer for punitive damages. In its new trial order the trial court made extensive findings. On appeal from the trial court's orders granting a new trial and denying plaintiff leave to amend his prayer for punitive damages, plaintiff alleges the following points: (1) that the trial court erred in granting a new trial because the evidence was relevant and sufficient to support the jury verdict of retaliatory discharge; (2) that the trial court did not commit reversible error and did not allow irrelevant and prejudicial testimony and, therefore, granting a new trial upon this basis was error; (3) that the trial court's bolster of its reasons for granting a new trial, namely that the trial atmosphere was charged with prejudice, was further in error and an abuse of discretion; (4) that the trial court erred in refusing to allow plaintiff to amend his prayer for punitive damages; and (5) that the trial court correctly ruled that it did not commit reversible error in permitting plaintiff to submit a verdict director requiring the jury to only find a "direct" causal connection between the plaintiff's actions and ACF's discharge of plaintiff. Further, ACF alleges that the trial court erred in denying its motion for j.n.o.v. because plaintiff failed to plead and prove a submissible case for retaliatory discharge in violation of the Workers' Compensation Law. We affirm.

This action is before this court for the second time. At the first trial, plaintiff received a $70,000.00 jury verdict for actual damages. Thereafter, the trial court ordered a new trial, and on appeal, the order was affirmed. *Wiedower v. A.C.F. Industries, Inc.,* 715 S.W.2d 303 (Mo.App.1986) (hereinafter *"Wiedower I"*). The present case concerns the retrial of *Wiedower I.* Our review shall deal solely with the issues raised in the second trial of plaintiff's case. *Smith v. Smith,* 176 S.W.2d 647, 649[3] (Mo.App.1944).

A statement of the underlying facts of this case is found in *Wiedower I, supra,* at 304–5. Further facts pertaining to this case will be discussed in our review of the points.

Plaintiff has filed a motion to withdraw Point V of his brief and argument thereunder, to strike Point IV of ACF's brief and argument thereunder (which point corresponds to plaintiff's Point V), and to strike ACF's Supplemental Legal File for the issue raised by these points and Supplemental Legal File is not properly raised on appeal in that the issue does not concern or allege an erroneous ruling or action by the trial court and therefore is not properly before this court. We agree.

■ The issue is whether plaintiff's verdict director properly required the jury to find a direct, not an exclusive, causal relationship between plaintiff's filing a workers' compensation claim and his subsequent discharge by ACF. Plaintiff's Point V alleges no error, but seeks to support the trial court's ruling that the verdict director was properly submitted. *Floyd v. Brenner,* 542 S.W.2d 325, 327[4] (Mo.App.1976). Furthermore, ACF did not file a cross-appeal, and therefore cannot complain of the trial court's ruling on this point. *Dunham v. Estate of Hamilton,* 718 S.W.2d 152, 153[1] (Mo.App.1986). For the foregoing reasons plaintiff's motion is hereby granted, Point V of plaintiff's brief and argument thereunder are withdrawn, and ACF's Point IV and argument thereunder and Supplemental Legal File are stricken.

In his first point plaintiff contends that if the trial court grants a Motion for a New Trial on the apparent grounds of insufficiency of evidence, when in fact the plaintiff has made a submissible case, an order granting a new trial is arbitrary and an abuse of discretion. However, the trial court found that appellant made a submissible case, and based its new trial order on other grounds. Plaintiff's first point is therefore without merit.

In his second point plaintiff contends that the trial court erred in granting a new trial based on the finding that the testimony of plaintiff's expert witness, John R. Igoe, a former chairman of the Labor and

Industrial Relations Commission (LIRC), was irrelevant and prejudicial, and drew the attention of the jury away from the issue it was called upon to resolve. Mr. Igoe testified as to the operation of the Workers' Compensation Statute, its application to plaintiff's case, ACF's contest of plaintiff's workers' compensation claim, the holding of the administrative law judge (ALJ) in favor of plaintiff on such claim, ACF's unsuccessful appeals of the award, the three year time period of the appeals process, and the findings of the LIRC. In considering this evidence in its Order for New Trial, the trial court concluded that a new trial was merited because of the admission of prejudicial evidence, argument, and statement before the entire jury panel. Furthermore, since the central issue in this case is whether or not ACF discharged plaintiff because he exercised his rights under the Workers' Compensation Law by filing a claim, the trial court concluded that the testimony of Mr. Igoe did not tend to prove or disprove whether plaintiff was discharged for filing a workers' compensation claim, and the admission of this testimony was prejudicial. Thus, the trial court, relying on *Slusher v. Jack Roach Cadillac, Inc.*, 719 S.W.2d 880, 882–3[3, 4] (Mo.App.1986), found that the evidence should have been excluded inasmuch as it would tend to draw attention of the jury away from the issue that it was called upon to resolve, as well as cause confusion of the issues.

■■■ In reviewing the trial court's order for a new trial, we note that "[t]rial courts are vested with wide discretion in passing upon motions for a new trial," and that "[r]eviewing courts will be more liberal in upholding a trial court's grant of a motion for new trial than its denial of the motion." *Brickner v. Normandy Osteopathic Hospital, Inc.*, 687 S.W.2d 910, 913[6] (Mo.App. banc 1985) (citations omitted). Also, when reviewing the trial court's grant of a new trial, we must indulge every reasonable inference favoring the trial court's ruling, and we will not reverse such ruling absent a clear abuse of discretion. *Farley v. Johnny Londoff Chevrolet, Inc.*, 673 S.W.2d 800, 803[1]

(Mo.App.1984). Here, the admission of Mr. Igoe's testimony concerning the workers' compensation hearing, the appeals process, the final monetary award, the three year time span of the case, and the findings of the LIRC, has no probative effect on the issue of whether plaintiff was discharged for filing a claim. Furthermore, the trial court found the admission of this evidence to have appealed to the jury's sympathies and provoked an instinct to punish defendant because of the numerous proceedings and time span of the case. After a thorough review of the record we cannot say that the trial court abused its discretion. Point denied.

Plaintiff, in his third point, argues that the trial court's finding that the atmosphere was charged with prejudice was further in error and an abuse of discretion. Plaintiff argues that the trial court attempted to bolster its finding of prejudice in allowing the testimony of Mr. Igoe by claiming that due to the voir dire statement by a juror and statements made by plaintiff in closing argument the atmosphere was charged with prejudice. The voir dire statement mentioned concerns the following exchange between ACF's trial counsel and juror No. 134:

ACF's Counsel: But no one feels that being—a prior experience of a union would influence anybody?

Before your selection as a juror, is there anything that you feel I or Mr. Martin should know that we haven't asked that would influence you in hearing this case that you feel you should tell us about?

Yes, sir?

JUROR NO. 134: Personally I would feel that if a man would take a big corporation or what ever you have to court, that he's either got a damn good reason or a damn good lawyer.

Further, plaintiff's counsel, in his closing argument, improperly compared individuals to large and economically powerful corporations.

■■■ Despite the fact that we have already approved of the trial court's new

trial order due to the admission of Mr. Igoe's testimony, we note that a new trial may be ordered for cumulative error without undertaking to determine whether any single point standing alone would constitute reversible error. *Faught v. Washam*, 329 S.W.2d 588, 604[30] (Mo.1959). However, having ruled that the grant of a new trial was proper, appellant's third point is without merit.

■ Plaintiff's fourth point challenges the trial court's denial of his motion to amend his prayer for punitive damages. Under Count II of his first amended petition, plaintiff sought $200,000.00 in punitive damages. Before trial, plaintiff was twice denied leave of court to increase his prayer for punitive damages. At a pretrial conference in chambers, plaintiff again tried to amend his prayer. At this point the trial judge ruled that he would allow plaintiff to argue the larger amount of punitive damages, and would allow amendment if proof of the damages would be adduced and the jury would return a verdict for plaintiff pursuant to such proof. Plaintiff argued the larger amount and the jury returned a verdict for plaintiff on Count II for $480,000.00 in punitive damages. In a post-trial motion, plaintiff sought leave to amend his prayer to conform to the verdict. The trial court denied leave, ruling that the Motion to Amend Plaintiff's Prayer was not justified by the evidence nor the law as there is no measure to which punitive damages may be measured other than the degree of malice, and that such degree of malice could not have changed since the filing of the original petition on which defendant had a right to rely.

Despite the fact "that leave to amend pleadings 'shall be freely given when justice so requires'.... [t]he trial court has broad discretion to allow the amendment of a pleading to alter the prayer for damages even after the trial has commenced," and "[t]he trial court's ruling will not be overturned unless this discretion is clearly abused." *Geiser v. Burlington Northern Railroad Company*, 722 S.W.2d 122, 125[3] (Mo.App.1986). Under this liberal standard we cannot say that the trial court clearly abused its discretion in denying plaintiff leave to amend his prayer for punitive damages. Point denied.

■ ACF also alleges error by the trial court. Specifically, ACF contends that the trial court erred in denying its motion for j.n.o.v. because plaintiff failed to plead and prove a submissible case for retaliatory discharge in violation of the Workers' Compensation Law. ACF has properly presented this issue for our review without having filed a cross-appeal for "where the trial court has denied a defendant's post-trial motion for judgment in accordance with its motion for a directed verdict but sustained its motion for new trial, and plaintiff appeals from the order granting defendant a new trial, the defendant may contend that the plaintiff failed to make a submissible case where that point had been preserved by timely trial motions and post-trial motions to set aside the verdict and enter judgment for the defendant, or in the alternative, for a new trial." *Laclede Inv. Corp. v. Kaiser*, 541 S.W.2d 330, 333–4[5] (Mo.App.1976). ACF has fulfilled the above requirements; therefore, we must ask whether plaintiff made a submissible case. In resolving this question, we shall consider the evidence in a light most favorable to plaintiff and accept such evidence as true, giving plaintiff the benefit of all favorable inferences that may reasonably be drawn from the evidence, and disregard ACF's evidence except as it aids plaintiff's case. *Hansome v. Northwestern Cooperage Co.*, 679 S.W.2d 273, 274[1] (Mo. banc 1984).

Our Supreme Court, in *Hansome*, set forth the four elements which must be shown to make a submissible case for retaliatory discharge under § 287.780 RSMo. 1978:

1. plaintiff's status as an employee of defendant before injury,

2. plaintiff's exercise of a right granted by Chapter 287,

3. employer's discharge of or discrimination against plaintiff, and

4. an exclusive causal relationship between plaintiff's actions and defendant's actions.

*Id.* at 275.

Ignoring all evidence contrary to the verdict, we find that plaintiff made a submissible case for it is undisputed: (1) that plaintiff was employed by ACF before injury; (2) that plaintiff exercised his right to file a workers' compensation claim under Chapter 287; and (3) that ACF discharged plaintiff. Furthermore, the evidence taken in a light favorable to plaintiff indicates that ACF was aware at the time of plaintiff's discharge that plaintiff had contacted an attorney for the purpose of filing a workers' compensation claim. Also, the evidence shows that ACF warned plaintiff not to "rock the boat" by filing a claim, and that subsequent to plaintiff's filing of his claim he was discharged. From these facts, we conclude that plaintiff made a submissible case. Point denied.

JUDGMENT AFFIRMED.

DOWD, P.J., and SIMEONE, Senior Judge, concur.