Ollie J. HYDE, Plaintiff–Respondent,

v.

Richard H. BUTSCH, M.D., Group Health Plan, Inc., Defendants–Appellants.

No. 63066.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 28, 1993.

Sandberg, Phoenix & von Gontard, P.C., John S. Sandberg, Suzanne D. Plummer, Carolyn L. Trokey, St. Louis, for defendants-appellants.

Weinhaus and Dobson, Jerome J. Dobson, St. Louis, for plaintiff-respondent.

## PUDLOWSKI, Judge.

Defendants Dr. Richard Butsch and Group Health Plan, Inc., appeal from an order by the Circuit Court of St. Louis granting plaintiff Ollie Hyde's motion for new trial in this wrongful death action. After a jury verdict for the defendants, the trial court granted the new trial motion based on its limiting plaintiff's cross-examination of defendants' expert witness and for failing to order the witness to return to testify. On appeal, defendants argue that the trial court erred because the plaintiff failed to show that any relevant evidence was excluded or that the exclusion prejudiced the plaintiff. We affirm.

The defendants treated plaintiff's husband, Phillip Hyde, for approximately ten months prior to his death from a heart attack. The plaintiff filed a wrongful death action alleging, among other things, that the defendants negligently treated Mr. Hyde and that surgery, if performed, could have prevented his heart attack. On August 7, 1992, eleven days prior to trial, the defendants disclosed Dr. Thomas Dodd as a rebuttal expert. Plaintiff took Dr. Dodd's deposition on August 14, 1992.

The trial commenced on August 18, 1992 and the plaintiff completed her case in chief on Friday, August 21, 1992. The defendants called Dr. Dodd that afternoon and conducted direct examination for approximately one hour and forty-five minutes. During this time, the trial court asked the jurors if staying past 5:00 p.m. would cause any problems and one juror stated that he had to pick up his daughter at 5:30 p.m. The plaintiff began her cross-examination at 4:10 p.m. and forty-five minutes later the court informed the plaintiff that she had five minutes to complete the cross-examination. Plaintiff objected and said she could not finish in five minutes. A few minutes later the court terminated plaintiff's cross-examination and then asked Dr. Dodd if he could return the following Monday. Dr. Dodd said that returning would be an extreme hardship. The court then told the plaintiff's counsel "we can make the record at your convenience but the witness will step down." Plaintiff renewed the objection and told the court there were several areas in which she had been unable to question Dr. Dodd. The trial court denied plaintiff's oral motions for a new trial and to strike Dr. Dodd's testimony but permitted plaintiff to read portions of Dr. Dodd's deposition to the jury. The jury subsequently returned a verdict for the defendants.

The plaintiff filed a motion for new trial which the trial court granted because it found it had abused its discretion by limiting plaintiff's cross-examination and for failing to order Dr. Dodd to return to testify. Defendants raise three points on appeal.[1]

█ In their first point, defendants argue that the trial court erred in granting a new trial because the plaintiff did not show any relevant evidence was excluded and therefore did not preserve the error. According to the defendants, the plaintiff's failure to make an offer of proof requires that we review only for plain error. We note initially that trial courts are vested with wide discretion in ruling upon motions for new trial and reviewing courts are more liberal in upholding a trial court's grant of a motion for new trial than its denial of the motion. *Wiedower v. ACF Indus., Inc.*, 763 S.W.2d 333, 336 (Mo. App.E.D.1988).

█ The rule, with a limited exception, is that appellate courts will not review excluded evidence without an offer of proof. *Frank v. Environmental Sanitation Management, Inc.*, 687 S.W.2d 876, 883–884 (Mo. banc 1985). *Frank*, however, is factually dis-

---

1. Plaintiff argues that the defendants' brief violates Supreme Court Rule 84.04(d) which requires that points relied on "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." After reviewing the defendants' points relied on, we find substantial compliance with the applicable rule. *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978).

tinguishable and inapposite from the present case. In *Frank,* the trial court sustained the plaintiff's objection to a hypothetical question asked of an expert witness. The defendant failed to make an offer of proof and our Supreme Court held the defendant failed to preserve the claim for review. *Id.* In the present case, defendants are appealing the trial court's grant of plaintiff's motion for new trial. Accordingly, the defendants, not the plaintiff, bear the burden of showing the trial court abused its discretion by granting the new trial motion for its stated reasons. *Roux v. City of St. Louis,* 690 S.W.2d 448, 450 (Mo.App.E.D.1985).

In addition, it is apparent from the record that an offer of proof would not have affected the trial court's decision to terminate plaintiff's cross-examination of Dr. Dodd. The trial court asked the jurors if staying past 5:00 p.m. would create any problems and one juror answered affirmatively. At 4:55 p.m., the trial court informed the plaintiff that she had to complete cross-examination in five minutes. A few minutes later, the court stopped the cross-examination and asked Dr. Dodd if it would be a hardship to return the following Monday. Dr. Dodd practices in Poplar Bluff, Mo. and he explained that it would be difficult to notify patients who had appointments on Monday morning. The court then told the plaintiff "we can make the record at your convenience but the witness will step down." Plaintiff objected both after being informed and when the trial court stopped the cross-examination. Plaintiff also told the court of the specific areas that she had been unable to question Dr. Dodd. A party is not required to make an offer of proof if it is obvious that the offer would have been futile. *Bender v. Burlington Northern R.R. Co.,* 654 S.W.2d 194, 197 (Mo.App.S.D.1983). We find that plaintiff's failure to make an offer of proof does not justify our finding that the trial court abused its discretion in granting plaintiff's motion for new trial.

In their second point, defendants argue that no prejudice resulted from limiting the plaintiff's cross-examination of Dr. Dodd and if prejudice occurred it was cured by reading portions of Dr. Dodd's deposition.

In civil cases, the extent and scope of cross-examination is discretionary with the trial court. *Wilson v. Shanks,* 785 S.W.2d 282, 285 (Mo. banc 1990). A court may consider for a second time its rulings on discretionary matters and if it believes its discretion was not wisely exercised and that prejudice to the losing party resulted, a new trial may be ordered. *McDowell v. Kawasaki Motors Corp. USA,* 799 S.W.2d 854, 862 (Mo. App.W.D.1990). Appellate review of a trial court's determination that prejudice to an offended party was caused by a previous discretionary decision is limited to whether the trial court abused its discretion in finding prejudice. *Id.*

On direct examination, Dr. Dodd testified that the autopsy findings were consistent with a patient who died from a type of heart attack commonly referred to as the "widow maker." According to Dr. Dodd, there are generally no symptoms prior to this type of heart attack. He also testified that Dr. Butsch's treatment met the standard of care for internal medicine.

During trial, plaintiff argued that she was unable to cross-examine Dr. Dodd about survival rates of persons who have surgery after being diagnosed with a condition similar to that experienced by Mr. Hyde. In their brief, defendants admit that survival rates are not in the deposition. Whether the defendants could have diagnosed and prevented with surgery Mr. Hyde's heart attack was the central issue at trial. Section 491.070, RSMo 1986 provides: "A party to a cause, civil or criminal, against whom a witness has been called and given some evidence, shall be entitled to cross-examine said witness . . . on the entire case. . . ." Plaintiff also argued during trial that she was unable to question Dr. Dodd in detail about the autopsy report which was in part the basis of Dr. Dodd's opinion. Plaintiff took Dr. Dodd's deposition for discovery purposes not for cross-examination. Plaintiff was entitled to cross-examine Dr. Dodd concerning his skill, qualifications, credibility and the value and accuracy of his opinions. *Wilson,* 785 S.W.2d at 285. We find no abuse of discretion and deny defendants' second point.

In their final point, defendants argue the trial court erred in finding it abused its discretion by failing to order Dr. Dodd to return to testify. Defendants, in effect, restate their contentions concerning the trial court's limitation of plaintiff's cross-examination. We previously rejected defendants' contentions concerning lack of prejudice and alleged cure by reading Dr. Dodd's deposition. Defendants' final point is denied.

Judgment affirmed.

SIMON, P.J., and STEPHAN, J., concur.