Jacqueline M. MASON, Respondent,

v.

**WAL–MART STORES, INC.**
d/b/a Sam's Wholesale
Club, Appellant,

Johnny Rowland, Defendant.

**No. WD 60686.**

Missouri Court of Appeals,
Western District.

Dec. 24, 2002.

Kelly S. Moothart, Kansas City, MO, for appellant.

Michael R. Fletcher, Kansas City, MO, for respondent.

Before ROBERT G. ULRICH, P.J., PAUL M. SPINDEN and EDWIN H. SMITH, JJ.

ROBERT G. ULRICH, Presiding Judge.

Wal–Mart Stores, Inc. appeals from the order of the trial court granting Jacqueline Mason a new trial on her claim of a hostile work environment under the Missouri Human Rights Act (MHRA). It contends that the trial court abused its discretion in granting a new trial based on the erroneous exclusion of evidence, the testimony of a Sam's Club employee, because the proffered evidence (1) was inadmissible in that it constituted compound hearsay and was irrelevant; (2) did not constitute notice to Wal–Mart of a MHRA hostile work environment claim in that the employee was not a supervisor for purposes of the MHRA; (3) would not have materially affected the merits of the MHRA claim; and (4) was inadmissible because Ms. Mason's counsel learned of the testimony as a result of an improper ex parte contact with the employee in violation of the Missouri Rules of Professional Conduct. The order of the trial court is reversed.

Jacqueline Mason filed her second amended petition for damages against Wal–Mart and Johnny Rowland in December 1999. In her petition, Ms. Mason alleged that during three incidents in October and November 1998 while working in Wal–Mart's Sam's Club bakery, Johnny Rowland, also an employee in the bakery, asked her if she had a boyfriend; asked her if she would go home with him; approached her from behind and ran his hands up and down her body including her breasts, hips, and buttocks; and verbally harassed her by calling her "a bitch" and "little girl." Ms. Mason further alleged that the incidents were reported to management and that her employment was ultimately terminated as a result of the incidents. In Count I of the petition against Wal–Mart for Retaliatory Discharge–Whistle Blowing, Ms. Mason alleged that Wal–Mart retaliated against her for raising the issue of Mr. Rowland's unacceptable behavior by terminating her employment on November 18, 1998. In Count II against Wal–Mart for MHRA Hostile Work Environment, Ms. Mason alleged that she and other employees had been subjected to a hostile work environment that perpetuates discriminatory treatment and sexual harassment of female employees. Finally, in Count III against Mr. Rowland for Battery, Ms. Mason alleged that Mr. Rowland made an unwanted grabbing and touching of her body, specifically her breasts, hips, and buttocks.

The claim against Mr. Rowland was severed by the trial court. Count I against Wal–Mart was tried to a jury. Count II against Wal–Mart was tried to the court with an advisory jury. Following trial, the jury returned a verdict in favor of Wal–Mart on Count I. It returned an advisory verdict in favor of Wal–Mart on Count II. The trial court entered final judgment in favor of Wal–Mart on both counts. Thereafter, Ms. Mason filed a motion for new trial. The trial court overruled Ms. Mason's motion as to Count I but granted her a new trial on Count II, the MHRA hostile work environment claim. It found that it had erroneously excluded the testimony of

Lois Slater, a Sam's Club employee, regarding information she had heard concerning other females who claimed to have been sexually harassed by Mr. Rowland. The trial court explained that such evidence should have been admitted for the limited purpose of showing Wal–Mart had notice of Mr. Rowland's behavior prior to his alleged assault and harassment of Ms. Mason. This appeal by Wal–Mart followed.

## Standard of Review

■■■ On appeal, Wal–Mart claims that the trial court abused its discretion in granting Ms. Mason a new trial on Count II of her petition, the MHRA hostile work environment claim. A trial court has broad discretion in deciding whether to grant a new trial, and its decision is presumed correct and will be reversed on appeal only for an abuse of discretion, particularly in cases tried without a jury.[1] *Duckett v. Troester,* 996 S.W.2d 641, 646 (Mo.App. W.D.1999); *Harris v. Desisto,* 932 S.W.2d 435, 440 (Mo.App. W.D.1996). An abuse of discretion occurs where the trial court's decision is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration. *Duckett,* 996 S.W.2d at 646. An appellate court is more liberal in upholding a trial court's grant of a motion for new trial than its denial of the motion. *Hyde v. Butsch,* 861 S.W.2d 819, 820 (Mo. App. E.D.1993). An appellate court must indulge every reasonable inference favoring the trial court's granting of a new trial.

*Wiedower v. ACF Indus., Inc.,* 763 S.W.2d 333, 336 (Mo.App. E.D.1988).

■■■ On a motion for new trial, a trial court may reconsider its rulings on discretionary matters and may order a new trial if the court believes its discretion was not wisely exercised and that the losing party was prejudiced thereby. *·Giddens v. Kansas City S. Ry. Co.,* 937 S.W.2d 300, 303 (Mo.App. W.D.1996). The error complained of as a basis for a motion for new trial must be prejudicial to the party seeking the new trial. *Duckett,* 996 S.W.2d at 646; *Giddens,* 937 S.W.2d at 303.

The trial court granted Ms. Mason a new trial on her MHRA hostile work environment sexual harassment claim based on its exclusion of the testimony of Lois Slater. The court found that Ms. Slater's testimony should have been admitted for the limited purpose of showing Wal–Mart had notice of Mr. Rowland's behavior. Wal–Mart contends that the trial court abused its discretion in granting Ms. Mason a new trial based on the exclusion of this testimony. It argues that the trial court properly excluded Ms. Slater's testimony and should not have granted a new trial based on its exclusion because the testimony constituted hearsay and was irrelevant.[2]

■■■ In deciding a case brought under the MHRA, an appellate court is guided not only by Missouri law, but also by applicable federal employment discrimination decisions. *Pollock v. Wetterau Food Distribution Group,* 11 S.W.3d 754, 762 (Mo.

---

1. Count II was tried to an advisory jury. Because a trial court is not bound by the verdict or findings of an advisory jury, the trial court is the ultimate trier of fact and may adopt or reject the verdict or findings of the advisory jury according to the court's view of the facts. *Mo–Kan Teamsters Health & Welfare Fund v. Clark,* 803 S.W.2d 61, 63 n. 1 (Mo.App. W.D.

1990); *Rhodes v. Hunt,* 913 S.W.2d 894, 902 (Mo.App. S.D.1995).

2. Although Wal–Mart makes additional arguments as to why the trial court abused its discretion in granting Ms. Mason a new trial based on its exclusion of Ms. Slater's testimony, this argument is dispositive, and the other arguments need not be addressed.

App. E.D.1999). Hostile work environment sexual harassment exists when sexual conduct "has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive work environment." *Lane v. Ground Round, Inc.*, 775 F.Supp. 1219, 1223 (E.D.Mo.1991)(quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986)). To prevail on a claim of hostile work environment sexual harassment, a plaintiff must establish that (1) she is a member of a protected group; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based upon sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take appropriate remedial action. *Cunningham v. Kansas City Star Co.*, 995 F.Supp. 1010, 1027 (W.D.Mo.1998); *Lane*, 775 F.Supp. at 1224.

■ An employer is liable for the sexual harassment of one co-worker by another if the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 689–90 (9th Cir.2001); *Varner v. Nat'l Super Mkts., Inc.*, 94 F.3d 1209, 1213 (8th Cir.1996); *Wright v. Over-The-Road and City Transfer Drivers,*

*Helpers, Dockmen and Warehousemen, Local 41*, 945 S.W.2d 481, 499 (Mo.App. W.D.1997). An employer can obtain knowledge of harassment in two ways. *Gliatta v. Tectum, Inc.*, 211 F.Supp.2d 992, 1002 (S.D.Ohio 2002); *Coleman v. Tennessee*, 998 F.Supp. 840, 846–47 (W.D.Tenn. 1998). First, an employer may receive actual notice where the employee has reported the harassing conduct. *Gliatta*, 211 F.Supp.2d at 1002. Second, an employer may be charged with constructive notice where the sexual harassment is so pervasive that the employer should have known of its existence. *Zimmerman v. Cook County Sheriff's Dep't*, 96 F.3d 1017, 1018–19 (7th Cir.1996); *Gliatta*, 211 F.Supp.2d at 1002.

■ In Ms. Mason's offer of proof,[3] Ms. Slater testified that other unidentified women at Sam's Club had told her that Mr. Rowland had acted appropriately by "coming on" to them and that they did not want to close the store with him alone. She further testified that these other women had told her that they had also complained to Ray Cyr, the manager of the café and bakery, about Mr. Rowland's behavior. Ms. Mason's attorney explained during this offer of proof that Ms. Slater's testimony regarding the complaints of other women to her and to Mr. Cyr about Mr. Rowland was not offered for the truth of the matter but to show notice to Wal–Mart on the hostile work environment claim.

**3.** Wal–Mart argues that Ms. Mason's offer of proof was not sufficiently specific and definite for this court to review the exclusion of evidence. An appellate court will generally not review evidence excluded by a trial court unless a specific and definite offer of proof was made at trial showing what the evidence will be, the purpose and object of the evidence, and each fact essential to establishing the admissibility of the evidence. *Terry v. Mossie*, 59 S.W.3d 611, 612 (Mo.App. W.D.2001)(quoting *State v. Hirt*, 16 S.W.3d 628, 633 (Mo.App. W.D.2000)); *Hyde v.*

*Butsch*, 861 S.W.2d 819, 821 (Mo.App. E.D. 1993). However, because Wal–Mart is appealing the trial court's grant of Ms. Mason's motion for new trial on her MHRA claim, Wal–Mart bears the burden of showing that the trial court abused its discretion by granting the new trial motion, and Ms. Mason was not required to make an offer of proof. *Hyde*, 861 S.W.2d at 821. Nevertheless, Ms. Mason did make a sufficient offer of proof showing what Ms. Slater's testimony will be and its purpose.

Ms. Slater essentially testified to two facts: (1) that the other unidentified women had told her that they had been subjected to inappropriate conduct by Mr. Rowland; and (2) that these other women had told her that they had complained to Mr. Cyr, the bakery manager, about Mr. Rowland. Wal–Mart contends that both facts constituted hearsay and were irrelevant. When a witness offers the out-of-court statements of another person to prove the truth of the matter asserted in the statement, the testimony is hearsay. *Bynote v. Nat'l Super Mkts., Inc.,* 891 S.W.2d 117, 120 (Mo. banc 1995). Hearsay is generally excluded because the out-of-court statement is not subject to cross-examination, is not offered under oath, and is not subject to the fact finder's ability to judge demeanor at the time the statement is made. *Id.*

■■■ Ms. Slater's testimony that other women had told her that Mr. Rowland had acted inappropriately towards them was not admissible. The testimony did not constitute hearsay in that it was not offered for the truth of the matter asserted—that Mr. Rowland had sexually harassed the other women—but instead to prove that Wal–Mart had notice of Mr. Rowland's improper conduct. *See Huitt v. Mkt. Street Hotel Corp.,* CIV.A.No. 97–1488–MLB, 1993 WL 245744, at *2 n. 2 (D.Kan. June 10, 1993)(in action bought under Title VII for sexual harassment, statements made to management by alleged harasser were not offered for the truth of the matter asserted but were relevant to the issue of notice; therefore, the statements were not hearsay); *Keesee v. Freeman,* 772 S.W.2d 663, 669–70 (Mo. App. W.D.1989)(in action against baseball corporation by patron who sustained injuries when she was abducted and sexually abused after being ejected from the stadium for intoxication, reports of incidents of violence at professional baseball stadium prior to assault on patron were admissible for the limited purpose of showing notice to the baseball corporation that such occurrences had been reported, and jury was properly cautioned that reports did not necessarily prove that the incidents occurred). Nevertheless, Ms. Slater's testimony was not admissible because it did not provide probative value on the issue of Wal–Mart's notice in this case. Evidence that a co-worker complained to management about harassment by another co-worker may have probative value of whether management had at least constructive notice of the harassment of a plaintiff. *See Tennison,* 244 F.3d at 689–90 (in action against employer under Title VII for sexual harassment by a co-worker, other co-workers' testimony that they complained to management a few years earlier about harassment by same man had probative value on issue of whether management had constructive notice of harasser's improper conduct). In this case, however, even without deciding whether Ms. Slater was a member of management who could receive notice on Wal–Mart's behalf, the evidence was not relevant on the issue of notice because no evidence was offered as to when Ms. Slater received the complaints of the other women. To be liable for the sexual harassment of Ms. Mason by Mr. Rowland, Wal–Mart must have known or should have known of the harassment and failed to take appropriate remedial action. *Id.* For Wal–Mart to have had constructive notice of Mr. Rowland's improper conduct through the complaints of other women, complaints by the other women would have had to have been made to Wal–Mart prior to Mr. Rowland's alleged harassment of Ms. Mason in October and November 1998. *See Id.* The evidence was not clear when the other women told Ms. Slater about Mr. Rowland's alleged harassment of them. Ms. Slater did not testify as to

when the women complained to her. Additionally, the evidence at trial showed that Ms. Slater worked at Sam's Club until June 1999, and evidence was unclear regarding when Mr. Rowland left his employment at Sam's Club, although it appears that it was not until after Ms. Mason left in November 1998. Without evidence that the other women complained to Ms. Slater before Ms. Mason's complaints in October and November 1998, Wal–Mart could not have been on constructive notice of Mr. Rowland's alleged harassment of Ms. Mason. Thus, this testimony of Ms. Slater did not provide probative value on the issue of Wal–Mart's constructive notice.

■ Likewise, Ms. Slater's testimony that other women at Sam's Club had told her that they had complained to Mr. Cyr, the bakery manager, about Mr. Rowland was inadmissible. Unlike Ms. Slater's other testimony, this testimony was hearsay in that it was offered for the truth of the matter asserted—that other women had complained to management about Mr. Rowland's conduct. The testimony, therefore, was inadmissible.

Because the testimony of Ms. Slater was inadmissible, the trial court abused its discretion in granting Ms. Mason a new trial based on the exclusion of this testimony. The order sustaining Ms. Mason's motion for new trial is, therefore, reversed.

PAUL M. SPINDEN and EDWIN H. SMITH, Judges, concur.