

# Missouri Court of Appeals
## Southern District

### Division One

ALTHEA BURLISON,                          )
                                          )
    Claimant-Appellant/Respondent, )
                                          )
vs.                                       )    No. SD33809 & 33816
                                          )        Consolidated
DEPARTMENT OF PUBLIC SAFETY,              )
                                          )
    Respondent-Respondent/         )    **Filed: January 29, 2016**
    Cross-Appellant,               )
                                          )
STATE OF MISSOURI AS CUSTODIAN )
FOR THE SECOND INJURY FUND,               )
                                          )
    Respondent-Respondent.         )

### APPEAL FROM THE LABOR
### AND INDUSTRIAL RELATIONS COMMISSION

**<u>AFFIRMED</u>**

Althea Burlison ("Claimant") and her former employer, the Missouri Veterans Home in Mt. Vernon, Missouri ("Employer"), both appeal from a final award issued by the Labor and Industrial Relations Commission ("the Commission") in a workers' compensation case. In its final award, the Commission adopted the award of the Administrative Law Judge ("ALJ"), who found Claimant was permanently and totally disabled and awarded compensation

but denied a penalty requested under Section 287.120.4.[1] Claimant argues the Commission's decision regarding the penalty should be reversed because the Commission failed to enter sufficient findings of fact and conclusions of law. Employer challenges the Commission's decision to exclude a surveillance video from evidence because Employer had committed a discovery violation. These claims are without merit, and we affirm the Commission's award.

## Factual and Procedural Background

Claimant was a certified nurse assistant and worked as a certified medication technician for Employer. She distributed medication, helped residents get up in the morning, bathed residents, and helped distribute food at mealtimes. John Holdeman ("Mr. Holdeman") was a resident who "didn't realize his own strength" and could be "very gruff." Often Mr. Holdeman touched Claimant's arm, put his hand around her waist, or rubbed his hand down her back. Claimant told him to stop several times. He drove by Claimant's house on at least one occasion, and included Claimant on numerous group emails which went to her personal email address.

On July 2, 2010, Mr. Holdeman grabbed Claimant's left arm and twisted it behind her back causing a "loud pop" and immediate pain. Claimant reported the incident to her supervisor who told Claimant she would "have them talk to" Mr. Holdeman. Claimant went to the emergency room, saw several doctors, and received physical therapy. She was diagnosed with numerous conditions including a frozen left shoulder and complex regional pain syndrome and was

---

[1] All references to Section 287.120.4 are to RSMo Supp. (2014). All references to Section 287.215 are to RSMo Cum. Supp. (2013). All references to Sections 287.495.1, 286.090, 213.055, and 287.560 are to RSMo (2000).

2

given work restrictions including "no overhead use of [the] left arm, no lifting more than one pound, [and] no repetitive use of the left arm." Because the restrictions prevented Claimant from doing her job, Employer terminated her.

Claimant sought Missouri Workers' Compensation relief based on the injury to her left shoulder and later filed an amended claim requesting an additional 15 percent penalty under Section 287.120.4. Claimant asserted a right to a 15 percent penalty against Employer claiming Employer violated Section 213.055.

On May 12, 2014, the ALJ held a hearing regarding Claimant's allegations. Employer attempted to admit Exhibit 6, two surveillance videos of Claimant's activities, which were taken on November 29, 2013, and on December 9, 2013. The ALJ refused to admit Exhibit 6. The ALJ found Claimant was permanently and totally disabled because of the injuries she sustained during the July 2, 2010 incident, but denied Claimant's request to assess the penalty against Employer.

Both Claimant and Employer sought review by the Commission. Claimant argued the ALJ erred in failing to award the penalty. Employer argued the ALJ erred in excluding Exhibit 6. The Commission affirmed and adopted the ALJ's award.

Both Claimant and Employer appeal.

**Standard of Review**

"[J]udicial review of the Commission's award is a determination of whether the award is 'supported by competent and substantial evidence upon the whole record.'" *Moreland v. Eagle Picher Techs., LLC*, 362 S.W.3d 491,

502 (Mo. App. S.D. 2012) (quoting ***Hampton v. Big Boy Steel Erection, Inc.***, 121 S.W.3d 220, 222 (Mo. banc 2003)).  The reviewing court may:

> modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1)      That the [C]ommission acted without or in excess of its powers;
>
> (2)      That the award was procured by fraud;
>
> (3)      That the facts found by the [C]ommission do not support the award;
>
> (4)      That there was not sufficient competent evidence in the record to warrant the making of the award.

§ 287.495.1.

## Claimant's Appeal:  Findings

In her sole point on appeal, Claimant argues the Commission erred in failing to enter findings to support its refusal to impose a penalty under Section 287.120.4, claiming the findings the Commission entered are insufficient to determine what elements Claimant failed to prove.  We disagree.

The Commission's findings are sufficient to permit this Court to determine the basis for the Commission's decision.  Section 286.090 requires findings of fact and conclusions of law in appeals before the Commission.  That statute states:

> In every appeal coming before the [C]ommission from any of the divisions of the department, the [C]ommission shall prepare and file a written statement giving the [C]ommission's findings of fact and conclusions of law on the matters in issue in such appeal together with the reasons for the [C]ommission's decision in the appeal; except that a decision of a division of the department meeting the requirements of this section may be affirmed or adopted without such written statement.

4

§ 286.090. "The findings should show whether the basis of the Commission's decision was an issue of fact or a question of law." ***Brown v. Sunshine Chevrolet GEO, Inc.***, 27 S.W.3d 880, 885 (Mo. App. S.D. 2000). The findings must permit the appellate court to determine what the Commission found regarding the elements of the claim in issue. ***Smith v. Ozark Lead Co.***, 741 S.W.2d 802, 811 (Mo. App. S.D. 1987) (overruled on other grounds by ***Hampton***, 121 S.W.3d 220). "However, the Commission is not required to state the evidentiary facts upon which its ultimate findings may depend; it is sufficient if the ultimate constitutive facts necessary for judicial review of the award appear in reasonable detail." ***Id.***

Because the factual findings must address the elements of the claim, some discussion of the law pertaining to Claimant's underlying argument is necessary. Claimant sought imposition of a penalty under Section 287.120.4, which provides that "[w]here the injury is caused by the failure of the employer to comply with any statute in this state or any lawful order of the division or the commission, the compensation and death benefit provided for under this chapter shall be increased fifteen percent." ***Id.*** "To be entitled to the fifteen percent increase under Section 287.120.4, a claimant must demonstrate the existence of the statute or order, its violation, and a causal connection between the violation and the compensated injury." ***McGhee v. W.R. Grace & Co.***, 312 S.W.3d 447, 458 (Mo. App. S.D. 2010) (quoting ***Akers v. Warson Garden Apts.***, 961 S.W.2d 50, 53 (Mo. banc 1998) (overruled on other grounds by ***Hampton***, 121 S.W.3d 220).

5

Claimant asserted a violation of Section 213.055 of the Missouri Human Rights Act based on sexual harassment committed by Mr. Holdeman. Assuming, without deciding, that a sexual harassment claim might support a Section 287.120.4 penalty,[2] Claimant's argument fails because the findings were sufficient to show which elements of her sexual harassment claim she failed to prove.

> To prevail on a hostile work environment sexual harassment claim, a plaintiff must prove: (1) she (or he if the claim is brought by a male) is a member of a protected group; (2) she was subjected to unwelcome sexual harassment; (3) her gender was a contributing factor in the harassment; and (4) a term, condition or privilege of her employment was affected by the harassment.

*Hill v. Ford Motor Co.*, 277 S.W.3d 659, 666 (Mo. banc 2009). When addressing a claim involving sexual harassment by a third party, "[t]he analysis must focus on identifying when the employer knew or should have known that its employee was being subjected to harassment based on the employee's 'race, color, religion, sex, or national origin.'" *Diaz v. Autozoners, LLC*, No. WD77861, 2015 WL 6937325, at *5 (Mo. App. W.D. November 10, 2015) (quoting *Freeman v. Dal-Tile Corp.*, 750 F.3d 413, 426 (4th Cir. 2014)).

> When an employee suffers discrimination by a third party who the employee comes into contact with because of the employment relationship, and the harassment is sufficiently severe and pervasive to create a hostile work environment, the employer breaches its duty if it knows or should have known of the discrimination and fails to take prompt and effective remedial action.

---

[2] Neither party cited a case where a Section 287.120.4 penalty was assessed based on a violation of Section 213.055. Nor were we able to locate such a case in our own independent research.

*Id.* at *6.  One way an employer's knowledge may be shown is through evidence of an employee's reports of the harassing conduct.  ***Mason v. Wal-Mart Stores, Inc.***, 91 S.W.3d 738, 742 (Mo. App. W.D. 2002).

Here, the Commission's findings are sufficient to permit appellate review. First, the Commission quoted the applicable statutory provisions.  Then, the Commission discussed Claimant's testimony regarding Mr. Holdeman's unwanted attentions and Claimant's assertion that she reported all the problems. The Commission also made findings regarding the testimony of Mr. James Dennis ("Mr. Dennis"), Employer's Institutional Superintendent; Ms. Joan Elwing, Employer's Director of Nursing; and Ms. Diane Huckeby, Claimant's Unit Manager, who testified that they did not recall Claimant making any reports that Mr. Holdeman was mistreating, physically assaulting, or acting in a sexually inappropriate manner toward Claimant until after July 2, 2010.  The Commission then resolved this evidentiary conflict in favor of the supervisors, concluding "that [C]laimant has not met her burden of proof" on her sexual harassment claim.  The Commission then also stated that failure to comply with Section 213.055 did not cause Claimant's injury.

These remarks accomplish three things.  First, they lay out the applicable law.  Then, they summarize the evidence regarding the claim.  Finally, they make a credibility determination regarding the conflicting evidence.  When that credibility determination is compared to the case law, it is clear how the Commission decided the disputed issues.  The facts the Commission discussed involved whether Claimant reported the conduct to Employer.  Whether the conduct was reported relates to whether the employer knew about the harassing

conduct, *see id.*, a fact which was an essential element of Claimant's assertion that Employer violated the MHRA by failing to prevent Mr. Holdeman's harassing conduct, *see Diaz*, 2015 WL 6937325, at \*6. The Commission also made a determination of ultimate fact regarding the element of causation.

The findings were sufficient to permit appellate review. Claimant's sole point on appeal is denied.

### Employer's Appeal:  Surveillance Video

In the sole point in its cross appeal, Employer argues the Commission erred in excluding Exhibit 6 because Employer committed no discovery violation as it had no duty to supplement Mr. Dennis's deposition after the deposition had been taken. We disagree.

These additional facts are relevant. During preparation for the hearing, Claimant filed a notice of deposition announcing she would take the deposition of one of Employer's representatives. The notice also requested production of several documents, including "[a]ll matters that have recorded surveillance activities of the Claimant as defined in Rule 56.01[.]" Employer produced Mr. Dennis as Employer's representative for deposition on August 23, 2013. During the deposition, Mr. Dennis testified Employer had conducted no video surveillance of Claimant. Employer subsequently hired private investigator Robert Cirtin ("Mr. Cirtin") to conduct surveillance of Claimant. Mr. Cirtin observed Claimant on November 29, 2013, and again on December 9, 2013, and created a video of Claimant's activities on those dates. During Employer's cross examination of Claimant, Employer sought to admit Mr. Cirtin's video as Exhibit 6. Claimant objected because the video had not been disclosed despite her

request in the notice of deposition. Employer argued it had no duty to supplement its response to the request under Rule 56.01(e) because the duty to supplement created by Rule 56.01(e) did not apply to depositions.[3] The ALJ ruled the video would not be admissible, as did the Commission.

Section 287.560 permits the use of depositions in workers' compensation cases. The statute provides in pertinent part that "[a]ny party shall be entitled to . . . at his own cost to take and use depositions in like manner as in civil cases in the circuit court[.]" § 287.560. Because of the phrase "in like manner as in civil cases[,]" the Supreme Court of Missouri has held "that the rules of civil procedure governing depositions in civil actions also govern . . . depositions taken pursuant to section 287.560." *State ex rel. McConaha v. Allen*, 979 S.W.2d 188, 189 (Mo. banc 1998).

Under the civil rules governing depositions and the case law interpreting those rules, there is a limited duty to supplement information provided via deposition. In *Crompton v. Curtis-Toledo, Inc.*, 661 S.W.2d 645, 650 (Mo. App. E.D. 1983), the Eastern District of this Court reasoned that a defendant has a right to rely upon a party's deposition testimony such that a party-deponent has a continuing duty to supplement deposition testimony when the party-deponent discovers new information. Relying in part on *Crompton*, the Western District of this Court also found there is a duty to supplement the deposition testimony of an expert witness where the expert witness changes his or her opinion before trial. *Gassen v. Woy*, 785 S.W.2d 601, 603-04 (Mo. App. W.D. 1990). While it is true there is no duty for witnesses to supplement deposition testimony, *a party*

---

[3] All rule references are to Missouri Court Rules (2015).

does have a duty to supplement the deposition testimony of its representatives or testifying experts.

Mr. Dennis was produced for deposition as Employer's designated representative. In this context, he was a representative of a party. Consequently, Employer had to inform Claimant of the surveillance videos when it discovered that the deposition testimony was no longer correct. *See **Crompton***, 661 S.W.2d at 650.

To support its argument to the contrary, Employer discusses ***Fisher v. Waste Mgmt. of Mo.***, 58 S.W.3d 523 (Mo. banc 2001), and the legislature's decision to amend Section 287.215 in 2005. Employer notes that ***Fisher*** held that video surveillance was discoverable under Section 287.215 and that the legislature later amended Section 287.215 such that the section did not apply to video surveillance. However, Section 287.215 is not implicated here. Claimant did not seek production of the video under that statute. Rather, Claimant requested production of the video in conjunction with the deposition. The governing statute is Section 287.560, and the analysis is not affected by any changes to Section 287.215.

Employer's discussion of the difference between the duty to supplement a deposition and the duty to supplement a response to a *subpoena duces tecum* is similarly unavailing. That is not the mechanism employed in this case, so those legal principles are not relevant to the resolution of the issues presented here.

Employer's sole point on appeal is denied.

## **Decision**

The Commission's award is affirmed.


MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS